Case 68—Action for an Injunction—Oct. 2.

# Montgomery v. City of Lebanon.

### APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

MUNICIPAL TAXATION—ABANDONMENT OF COUNTRY DOMICILE.

Held: Where a farmer removed his family to a neighboring town. in order to have the advantage of the schools there while his children were within the school age, but never voted in town, and spent the greater part of his time on the farm, and left a part of his household goods in his dwelling house on the. farm, reserving the right to remove his family back to the house at any time, he has not, though he has remained in town for two years, abandoned his domicile in the country, and his personal property, consisting of cash, cash notes, etc., is not subject to municipal taxation.

H. W. RIVES, FOR APPELLANT.

Appellant instituted this suit to enjoin the collection of poll. tax and tax on his personal estate by the city of Lebanon, on the ground that his domicile is not in the city, but out in the country on his farm. The circuit court adjudged his domicile to be in the city and dismissed his petition from which judgment he appeals.

The question of domicile is a mixed one of law and fact.

The court below in deciding the case, failed to discriminate between actual residence and domicile, leaving out of view the question of *intention* which is the controlling consideration in the case.

In this case appellant's wife with her own means purchased a lot in the city of Lebanon and built a dwelling on it, and, it was agreed between her and her husband that they should reside in her town house until their children should complete their education, after which they should return to their country home. Meantime, appellant still claiming his home in the country, keeping it up as his home and living the life of a farmer, continued to vote in the country, to act as surveyor of the highway and to distinguish between his wife's home and his home, and never agreed or intended to substitute as his permanent home, the city residence owned by his wife and

Montgomery v. City of Lebanon.

called by him, *her home.* While his children attended the
public school in town, he acted as trustee of the school in
his country district, took the census of the children until it
was suggested that as his children were not attending school
there, he had better resign and let some patron be appointed
in his place to select the teacher.

We think from all the evidence, the question of his inten-
tion will be fully shown and will control your finding.

### AUTHORITIES CITED.

Tipton v. Tipton, 87 Ky., 245; Lowrey v. Bradley, 39 Am.
Dec., 143; 10 Am. and Eng. Ency., page 18-20, (2d ed.)

H. P. COOPER, FOR APPELLEE.

It clearly appears from the proof that appellant claims his
residence in the country solely to avoid paying city taxes,
though constantly enjoying all the conveniences and benefits
of the city government. His children have attended the city
school free of charge in which their residence is located. He
has an inferior country residence which is occupied by his
tenants. Whenever he goes to his farm, he always returns to
the city at night unless detained by rain. His school and
place of worship is in the city and his washing is done there
with his family.

### CITATIONS.

1 Tex., 401, State v. Graham; Watson v. Simpson, 13 La.,
Ann. 337; 10 N. E. Rep., 827; Pickering v. City of Cambridge
(Mass.)

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

It is substantially alleged in the petition that the ap-
pellant was, and had been for many years, a citizen of
Marion county, residing and making his home upon his
farm, owned by him, a few miles from Lebanon; that his
farm and a dwelling thereon constituted his home, and
the proceeds of his cultivation and management of the
farm were the source of his income from which he derives
support for himself and family, and that he had no other
business; that a short time since, desiring to have his
children within convenient access to the schools in the
city of Lebanon while they were of school age, he, with

his family, removed many of his household effects to a house in the city of Lebanon owned by plaintiff's wife, and his family now occupy said house for the purpose aforesaid.    It is further averred that he was still devoting his attention to his farming and his dwelling thereon, which he has never abandoned as his permanent home, and which he keeps in condition ready at all times to receive his family when the purpose of their sojourn in Lebanon shall have been accomplished, or when they desire to return; that his farm is his only home, his residence in Lebanon temporary; that he at all times continued to perform his duties as a citizen in the precinct in which his said home is situated, being a regularly appointed and acting surveyor of a public highway in said precinct; that he had not at any time sought or undertaken to exercise any of the privileges pertaining to citizens having their domicile in the city of Lebanon, and has never at any time claimed a home in said city.    The petition further shows that against his protest the officers of Lebanon had listed him for taxation as a citizen, and had assessed against him for municipal taxation, $1,800 of personalty, consisting of cash, cash notes, etc., and charged against him a per capita or poll tax. A perpetual injunction was asked for restraining the officers from compelling him to pay said taxes. The answer of the appellee, city of Lebanon, may be treated as a traverse of all the material averments of the petition which tend to show a right to relief.    It is further alleged, in substance, that about two years before the institution of the suit plaintiff and his wife, with the intention of making the city their permanent home, constructed a very commodious and costly residence, in which plaintiff and his wife and children have resided and lived at all times since its construction.    It

also shows that he sends his children to the school located in the city free of charge; that his wife, Litie Montgomery, did not and does not intend abandoning her home in the city of Lebanon. The reply traverses the material averments of the answer except as to the building of the house for his wife and the fact that he sends his children free to school, he paying his proportion of the tax imposed by the State for schools. The court, upon final hearing, dismissed plaintiff's petition, and from that judgment this appeal is prosecuted.

We deem it unnecessary to recite in detail the evidence at length introduced by the parties. Nor is it necessary to enter into an extended discussion of the law in respect to the domicile of a party, nor what it takes to constitute a domicile, to acquire one, or to lose one's domicile. An extended discussion of these questions may be found in 10 Am. & Eng. Ency. Law (2 Ed.) p. 18 *et seq.* The intention of a party to hold or acquire his domicile is always a very material fact, and is entitled to much weight in determining the legal domicile of a party. Notwithstanding this, the manifest actions and conduct of a party may be properly held to fix and determine his true domicile despite his declared intention. In the case at bar it is clear that appellant never became domiciled in Lebanon unless he became so by reason of the facts occurring within two years preceding this litigation. His domicile was certainly in the county, not far from Lebanon, but outside of it. His only business is farming. He cultivates his farm, or has it cultivated. Part of his household goods remains in his house on his farm. He retains the right to remove his family back to his house at any time, and he says he spends most of his time on the farm, and that he removed his family to Lebanon to stay only while

his two children were in the school age, the youngest of whom was sixteen years old at the time of the trial. He says he never exercised any of the privileges of citizenship peculiar to the city, never registered there as a voter. It is true that he sends his children free to the free school in Lebanon, but it does not appear that there is any special municipal tax collected for the support of the free school, and it is claimed for appellant that, inasmuch as he pays his share of the State tax devoted to free schools, he should be allowed to send his children to the free school in whatever district they might for the time being reside. After careful consideration of the law and facts of the case, we have reached the conclusion that the appellant had not, at the time of the trial of this case, lost or abandoned his country domicile. It results, therefore, that the court erred in dismissing his petition. We do not mean, however, to determine or decide that an indefinite continuation of his residence in Lebanon, or other acts, may not work a forfeiture of his country domicile, and authorize the court to hold that his true domicile is in Lebanon. The judgment appealed from is reversed, and cause remanded, with directions to perpetuate the injunction against the collection of the taxes then assessed, and for proceedings consistent herewith.