CASE 48—ACTION BY CITY OF LEBANON AGAINST J. M. BIGGERS FOR
TAXES.—JAN. 26.

# City of Lebanon v. Biggers.

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

TAXATION—LIABILITY—RESIDENCE.

Held:   1. In an action by a city for personal taxes defendant tes-
tified that he had left his home in the country, and moved, with
his family, to the city where he bought a residence, with no
fixed intention of returning to his farm, which he rented on
shares, reserving three rooms in the house for his own use.
HELD, that he had become a resident of the city, and therefore
liable to be taxed as such.

H. S. McELROY, FOR APPELLANT, CITY.

It is clearly shown by the proof that appellee's home in the
city was purchased by and is owned by himself, that he and
his family moved to it just after purchasing it, and it has been
improved and occupied by him for three years; that he has no
children in the school age; that he paid city taxes on his per-
sonalty for the year 1900, and lived in the city with his family
during all of the year 1901; and that he does not know when
he leaves the city whether or not he will return to his coun-
try home.

The only material fact in his favor, is, that he does not vote
as a resident of the town, but votes in one of the city pre-
cincts as a resident of the country, and reserves three rooms
in his country home, and expects sometime to move back to
the country to *some* farm.

We submit that "the place to which a person has removed,
with the intention to remain an indefinite time, and as a place
of present domicile, is the place of his domicile, although he
may entertain a fluctuating intention to remove elsewhere at some
future period."

### AUTHORITIES.

Am. & Eng. Ency. of Law, pp. 859-973, 32 L. R. A., 82; De
La Montauya v. De La Montauya, 32 Am. Dec., 423; Story's

City of Lebanon v. Biggers.

Conflict of Laws, sec. 46; Jacobs on Domicile, sec. 134; Hare & Wallace's Am. Leading ·Cases, 893; Guier v. O'Daniel; Montgomery v. ·City ·of Lebanon, 23 R., 891.

LAFE S. PENCE, FOR APPELLEE.

The question in· this case is, whether appellee is liable to pay city taxes on his personalty?

Appellee claims that his exclusive business is farming, and that his residence and home is upon his farm, three and one-half miles from the city. He has at all times listed and paid taxes on his personalty in connection with his farm in the country district, and voted there and taken no part in the city elections, and has never abandoned his intention of making his country home his fixed residence. Under the case of Montgomery v. City of Lebanon, 23 Rep., 891, appellee is clearly not liable for the tax.

OPINION OF THE COURT BY ¡CHIEF JUSTICE BURNAM—REVERSING.

The appellee, J. M. Biggers, was assessed for taxation for the year 1901 by the city of Lebanon on property valued at $6,925, which included his residence at $2,000.     The great bulk of the balance of the property consisted of cash notes, which were valued at $4,835.     The rate of assessment for that year, as fixed by the board· of council of the city, was 70 cents on each $100 worth of property, and a poll tax of $1.     Appellee having refused to pay the tax assessed· against him, the city brought this suit for a personal judgment for the amount of the taxes, $48.47, the poll tax, and the penalty provided by law for failure to pay.     The defendant resisted payment of the taxes upon the ground that he was not a resident of the city, but that his permanent home was located upon his farm, some three and one-quarter miles from the city of Lebanon, and he was only liable for the tax assessed against the real estate owned by him which .he offered to pay.     To support his contention as to his residence, the defendant testified that he had a wife and

two children; that for many years he had owned a farm of 200 acres about three and one-half miles from Lebanon, on which was located a dwelling house which contained seven rooms, which he had occupied for many years; that on the 20th of October, 1899, he purchased the residence then occupied by him in Lebanon, furnished it comfortably, and shortly thereafter took possession of it with his family, and had continued to reside in it; that after his removal from his farm it was operated by him on shares; that the tenant occupied a portion of the dwelling, but that he reserved three rooms for his own use; that he still got his vegetables, chickens, milk, and household supplies largely from the farm, and that he frequently stayed out at the farm at night during the summer; that he depended upon his farm and stock trading for a living. But upon his cross-examination he was asked this question: "Mr. Biggers, where, in future, do you expect to make your residence for your family? A. In the country, on some farm. I do not know whether I will make it my farm or not, but I am going away from town." He admitted that his family had not occupied his country residence during the year 1901, and that he had paid taxes upon his personal property for that year in Lebanon, but had refused to pay for the year 1901 in consequence of the decision by this court in Montgomery v. City of Lebanon, 111 Ky., 696, 23 R., 891, 64 S. W., 509, 54 L. R. A., 914; that he had moved to town because both his own and his wife's health were better than on the farm, and because they wanted the advantages afforded by the city of attending church, etc., that when he moved into the city there was no fixed definite time in his mind of abandoning his town residence, Under this state of fact the trial court dismissed plaintiff's petition, and it has appealed.

It is a maxim of the law that every person must have a domicile, and also that he can have but one, and that, when once established, it continues until he renounces it and takes up another in its stead.    Nor can there be any question that a domicile is not lost by temporary absence. The question is one of fact, and it is often difficult to determine.    The rule is laid down by Mr. Justice Cooley in volume one of his work on Taxation (3d Ed.) p. 641, quoting Shaw, C. J., as follows: "No exact definition can be given of 'domicile.'    It depends upon no one fact or combination of circumstances, but from the whole, taken together, it must be determined in each particular case.    It is a maxim that every man must have a domicile somewhere and also that he can have but one.    Of course, it follows that his existing domicile continues until he acquires another and, vice versa, by acquiring a new domicile he relinquishes his former one.    From this view it is manifest that very slight circumstances must often decide the question.    It depends upon the preponderance of evidence in favor of two or more places; and it may often occur that the evidence of facts tending to establish the domicile in one place would be entirely conclusive were it not for the existence of facts and circumstances of a still more conclusive and decisive character, which fixed it beyond question in another. So, on the contrary, very slight circumstances may fix one's domicile, if not controlled by more conclusive facts fixing it in another place.    If a seaman without family or property sails from the place of his nativity, which may be considered his domicile of origin, although he may return only at long intervals, or even be absent many years, yet if he does not, by some actual residence or other means, acquire a domicile elsewhere, he retains his domicile of origin.    So

going abroad with one's family and actually taking up one's residence in a foreign city, but with the intention at some time of returning, does not deprive one of his domicile of birth, or the authorities of the place of domicile of the right to tax him." Jacobs, in his Law of Domicile, 378, says: "A removal which does not contemplate an absence from the former domicile for an indefinite and uncertain time is not a change of it.    But when there is a removal, unless it can be shown or inferred from circumstances that it was for some particular purpose, expected to be only of a temporary nature, or in the exercise of some particular profession, office, or calling, it does not change the domicile. The result is that the place of residence is *prima facie* the domicile, unless there be some motive for that residence not inconsistent with a clearly established intention to retain a permanent residence in another place."

In 10 A. & E. Ency. of Law (2d Ed.) 15, it is said: "Domicile is composed of two elements—residence and intention; and both of these must concur. Residence in a place without the requisite intention of remaining will not suffice to give one a domicile in such place.    Nor will an intention to change one's domicile, unaccompanied by actual removal, result in a change of domicile. . . . The intention which is necessary to said domicile is the intention to reside in a particular place permanently or for an indefinite period of time.    It is not necessary that the person should intend never to move away. . . . When a person has actually removed to a place with the intention of remaining there for an indefinite time, it becomes his place of domicile, notwithstanding he may have a floating intention to return at some future period to his previous domicile." The same author says on page 20: "Every independent person may change his domicile at will, and to constitute a change there

must be an actual removal of residence, coupled with an intention of remaining at the place of removal permanently or for an indefinite time.    The domicile must be determined in each particular case from the whole taken together." Lord Thurlow, in Bruce v. Bruce, 2 B. P., 229, says:    "A person being at a particular place is *prima facie* evidence that he is domiciled at that place, and it lies on those who say otherwise to rebut that evidence."    When we apply the law as stated in these authorities to the facts of this case, we find that when appellee left his home in the country and moved to the city of Lebanon he bought a new residence, furnished it comfortably, and took up his abode there, with no fixed or definite intention of returning to his farm.    Indeed, he testifies that he does not know that he will return to his home in the country, even if, in the future, he should abandon his residence in the city.    He says the hope of improving his health was one of the main inducements in moving to the city, and that his anticipations have been realized; that the opportunity afforded by the city of attending church regularly was an element in determining his choice.    All of these circumstances are likely to make his residence in the city permanent, although he testifies that it is at present indefinite.    The facts in this case clearly distinguish it from Montgomery v. City of Lebanon, supra. In that case it appeared that Montgomery moved to Lebanon for a definite purpose and for a definite time—the education of his two children, the youngest of which was then sixteen years of age; that he continued to act as surveyor of a public highway in the country in the neighborhood of his farm; that he intended to return to his farm as soon as his children had finished their education.    It would be better if the questions of fact involved in cases of this character were left to the determination of a jury.    But as the parties

elected to submit their controversy to the chancellor, and he has decided the question upon its merits without objection, we think it not improper that upon this appeal the matter should be finally disposed of. We have reached the conclusion that under the facts of this case the appellee, J. M. Biggers, was liable for the taxes sued for, and that the trial court erred in not so adjudging.

Judgment reversed, and cause remanded for proceedings consistent herewith.