CASE 49.—PROCEEDING BY THE COMMONWEALTH BY THE AUDITOR'S AGENT AGAINST MARGARET HELM'S TRUSTEE TO LIST OMITTED PROPERTY FOR TAXATION.—November 18, 1909.

## Helm's Trustee v. Commonwealth

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

From a judgment for the plaintiff in the circuit court reversing a judgment for the defendant in the county court, defendant appeals.—Reversed.

1. Domicile—Intent.—The question of domicile is usually one of intent; slight circumstances often being sufficient to determine the question.

2. Domicile—Necessity.—Every person has a legal domicile.

3. Domicile — Abandonment — Intention — Evidence.—Where a domicile is once established, intent to abandon it and adopt a new one must be satisfactorily shown.

4. Domicile—Evidence—Admissibility.—In determining the domicile of a person, her sex, status as married or single, and all surrounding circumstances which tended to influence or explain her acts by which her residence is sought to be established, such as the fact that it was unnecessary for her to own a home because she was single and without family ties, or to engage in business because she was wealthy, should be considered.

5. Domicile—Evidence—Sufficiency.—In a proceeding to require personalty to be listed for taxation in a certain county on

the ground that the owner was there domiciled, evidence held to show that she was a resident of another county.

GEORGE B. KINKAID and WALLACE & HARRIS for appellant.

D. C. HUNTER and GEORGE C. WEBB for appellee.
No briefs—record misplaced.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

This is a proceeding commenced in the county court of Fayette county to require the appellant, as trustee for Margaret Helm, to list the personal property of the cestui que trust for taxation as omitted property for the years 1904, 1905, 1906, 1907 and 1908. The merits of the question involved here turn upon whether or not Margaret Helm was domiciled in Fayette county, Ky., during the years mentioned, as is claimed by appellee, or whether her domicile was in Woodford county, as claimed by appellant. The question is one wholly of fact, and is not altogether free from doubt.

Margaret Helm's father and mother resided on a large farm in Woodford county, Ky., up to the time of the death of the father. After his death the mother, Mary L. Helm, and her daughter, Margaret, continued to reside in Woodford county, although they were absent therefrom a large part of the time. The farm was rented out, but the mother retained a room in the house which she kept furnished and occupied from time to time. After the death of her mother, Margaret Helm did not continue to keep a room in the house on the farm, but boarded in Lexington, Ky. She was unmarried, and able financially to live how and where she pleased. Her mother died in 1903, and since that time she has for the most part boarded in

Lexington. Whether or not that was her domicile is the question for adjudication.

The will of the mother, Mary L. Helm, was probated in Woodford county, and the Security Trust Company was appointed and qualified there as trustee under the will for the daughter, Margaret. It is conceded that each and every year since the appointment of appellant as trustee it has paid state and county taxes on the trust estate in Woodford county, Ky. The question of domicile is nearly, if not always, one of intent, and often very slight circumstances will serve to turn the judgment in favor of one or another of the different places claimed to be the domicile. It is a firmly settled rule of law that every person has a legal domicile somewhere; and it is equally well settled that, where the domicile is once established, an intent to abandon it and adopt a new one must be satisfactorily shown. Now, in the case before us, it is conceded that, up to the time of the death of her mother in 1903, the domicile of the mother and daughter was in Woodford county. To establish the fact that the daughter, after the death of the mother, changed her domicile from Woodford to Fayette county, the commonwealth proved that for the larger part, if not all, of the time since the death of the mother, the daughter has lived in a boarding house in Lexington, and evidence is given of certain statements of the cestui que trust relative to a proposd change of residence to avoid taxation; but this was after this procedure was commenced and had reference to escape from city taxation.

On the other hand, we have the undisputed fact that the trustee has regularly listed the whole estate for taxation in Woodford county, and paid the taxes

due thereon each year.  We find, also, that Margaret
Helm retained her membership in the Episcopal
church at Versailles, and has never changed it to a
church in Lexington; and it is shown that she told
the officers of the trust company that she resided in
Woodford county, she having been asked this ques-
tion for the purpose of ascertaining where her estate
should be taxed, and this long before any question
of taxation in Fayette county arose.  In reaching the
proper conclusion as to the domicile of the cestui
que trust, her sex and status and all her surroundings
should be taken into consideration.  Being single,
with no family ties it was not necessary for her to
own a house; being wealthy, she was not required to
go into any business; and, being a female, she might
feel a delicacy in keeping a room in the home of her
tenant.  On the whole, we think that the fact that the
estate was listed for taxation during all of the years
involved herein in Woodford county, Ky., ought to
establish, in the absence of stronger evidence, that
Margaret Helm resides in Woodford county.

In the case of City of Lebanon v. Biggers, 117 Ky.
430, S. W. 213, 25 Ky. Law Rep. 1528, the question
we have here was discussed at considerable length.
In the opinion it is said:  "It is a maxim of the law
that every person must have a domicile, and also that
he can have but one, and that, when once established,
it continues until he renounces it and takes up another
in its stead.  Nor can there be any question that a
domicile is not lost by temporary absence.  The ques-
tion is one of fact, and it is often difficult to deter-
mine.  The rule is laid down by Mr. Justice Cooley,
in volume one of his work on Taxation (3d Ed.) p.
641, quoting Shaw, C. J., as follows: 'No exact defi-

nition can be given of domicile. It depends upon no one fact or combination of circumstances, but from the whole, taken together, it must be determined in each particular case. It is a maxim that every man must have a domicile somewhere, and also that he can have but one. Of course, it follows that his existing domicile continues until he acquires another, and, vice versa, by acquiring a new domicile he relinquishes his former one.'

· "From this point of view it is manifest that very slight circumstances must often decide the question. It depends upon the preponderance of evidence in favor of two or more places; and it may often occur that the evidence of fact tending to establish the domicile in one place would be entirely conclusive were it not for the existence of facts and circumstances of still more conclusive and decisive character, which fixes it beyond question in another. So, on the contrary very slight circumstances may fix one's domicile, if not controlled by more conclusive facts fixing it in another place." So, in this case, taking the evidence for the Commonwealth and looking from that point of view, it would appear that Margaret Helm was domiciled in Lexington. Taking that for the appellant, it seems to us that her domicile was in Woodford county. Certain it is that she so believed and intended, and her trustee acted upon this view in giving in the estate for taxation.

For these reasons, the judgment is reversed, with directions to the circuit court to affirm the judgment of the county court dismissing the proceeding of the auditor's agent.