## Commonwealth v. Meadors.

(Decided October 9, 1912.)

## Appeal from McCreary Circuit Court.

1. Criminal Law—Place Where Crime Committed Embraced in New County—Jurisdiction.—Where the territory in which a crime has been committed is created into a new county, by the subdivision of the old county, or otherwise, the courts of the new county have exclusive jurisdiction. And this is so, although an indictment against the person committing the crime, may be pending in the circuit court of the older county at the time the statute creating the new county becomes effective.

2.  Criminal Law—Courts of New County—Jurisdiction.—The courts
of the new county do not, however, acquire jurisdiction until the
organization of the new county is complete; and the courts of
the old county have jurisdiction until then.

3.  Criminal Law—Creation of New County—Jurisdiction—Where
Indictment May Be Returned.—In this case appellee's trial must
take place in McCreary County, but he may be tried under the
indictment returned in McCreary County, or that previously re-
turned in Whitley County. If, however, he is tried under the
Whitley County indictment, it must, by an order of the circuit
court of Whitley County, be transferred to the circuit court of
McCreary County for that purpose, and the indictment returned
by the grand jury of McCreary County dismissed. On the other
hand, if the trial be had under the McCreary County indictment,
the Whitley County indictment should be dismissed.

JAMES GARNETT, Attorney General, J. B. SNYDER for appel-
lant.

H. C. GILLIS, I. N. STEELEY and C. S. WILSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Certifying
opinion as law of case.

On June 22, 1912, the grand jury of McCreary
County returned against the appellee in the circuit court
thereof at its June term, which was the first held in the
county, an indictment charging him with the murder of
————— English; it being alleged in the indictment that
the crime was committed June 18, 1912, in McCreary
County.

Appellee was arrested July 1, 1912, under a bench
warrant issued upon the indictment, but gave bail as
therein allowed. At the next term of the McCreary Cir-
cuit Court, which was held in August, 1912, the Com-
monwealth's Attorney made a motion to quash the in-
dictment, and filed in support thereof his affidavit, in
which it was stated: "An indictment against this de-
fendant has been returned by the grand jury of Whitley
County long prior to the creation of this county, or to the
returning of the indictment in this case." It will be ob-
served that the affidavit fails to state that the indictment
then pending in the Whitley Circuit Court was for the
same offense charged in the indictment in the McCreary
Circuit Court, but it may be that the Commonwealth's
Attorney believed this to be shown by the certified copy
of the Whitley County indictment filed with and made a
part of the affidavit. The copy, however, fixes the date

of the murder therein charged as of April 1, 1912, and gives Thurman English as the name of the person murdered; whereas the indictment returned in the McCreary Circuit Court alleges that the murder was committed June 18, 1912, and that the name of the person murdered was ———— English; the first or Christian name "being to the grand jury unknown."

The motion made by the Commonwealth's Attorney was overruled, to which ruling an exception was taken; as the case has yet to be tried and the Commonwealth's Attorney desires a review by this court of the ruling in question, he at once entered of record a prayer in behalf of the Commonwealth for an appeal, which was granted.

Section 335, Criminal Code, provides:

"An appeal shall only be taken on a final judgment, except on behalf of the Commonwealth. An appeal by the Commonwealth from a decision of the circuit court shall not suspend the proceedings in the case. The decision of the Court of Appeals shall be obligatory on the circuit courts."

Section 337 prescribes the manner of taking an appeal, by the Commonwealth, and provides for a speedy decision of the same by the Court of Appeals. While the motion referred to, in terms, sought the quashal of the indictment in the McCreary Circuit Court without indicating the ground, as it was in fact based on the ground that the grand jury of McCreary County were without jurisdiction to find or return the indictment, and the circuit court of that county without jurisdiction to try appellee thereunder, it was, in meaning and legal effect, a motion to dismiss the indictment, and in considering the appeal we shall so treat it.

The technical ground, that the affidavit filed in support of the motion to dismiss the indictment fails to satisfactorily show that the crime for which appellee was indicted in the Whitley Circuit Court, is the same crime charged in the indictment against him in the McCreary Circuit Court, would compel us to hold that the overruling of the motion of the Commonwealth Attorney to dismiss the latter indictment was not error; but in view of the fact that the county of McCreary has recently been created and for the guidance of the circuit court of that county, in this and similar cases, we deem it prudent to announce the law applicable to the

questions of jurisdiction and procedure discussed in the briefs of counsel.

The county of McCreary was created out of portions of Pulaski, Wayne and Whitley Counties by an act of the General Assembly, approved March 12, 1912. After defining the boundary of the new county, the act provides the manner in which the same shall be laid off into magisterial districts; also for the selection of the seat of government, and for the appointment by the Governor of county officers to hold until the next regular county election. In addition, it attaches the county to the Third Appellate District, the Thirty-fourth Judicial District and provides for the holding of three terms each year of the circuit court therein, fixes the time for each term and the number of juridical days of each term.

The act in question became effective, as a law, ninety days after its approval by the Governor, namely, June 10, 1912, and, at that time, county officers were appointed by him, and Pine Knot was selected as the temporary seat of government. The first term of the circuit court, therein, began on the third Monday in June, which was the seventeenth day of the month. On the 22nd, which was the fifth day of the June term, the indictment against appellee found by the grand jury of the new county was returned.

It is conceded by counsel for the Commonwealth that the crime with which appellee stands charged, both in the Whitley and McCreary County indictments, was committed in territory now included in McCreary County, but which was formerly a part of Whitley County, but insisted that it was committed and the indictment against appellee in the Whitley Circuit Court returned, before the act creating McCreary County became effective, for which reason the Whitley Circuit Court alone has jurisdiction to try the case.

We do not concur in this conclusion. The question presented is a new one in this State, but, in our opinion, as the crime was committed in territory which now constitutes a part of McCreary County, the circuit court of that county has the exclusive jurisdiction. Assuming that both indictments are for the same offense, and that the crime was committed in territory of McCreary County, which was then a part of Whitley County, had appellee been tried under the indictment in the Whit-

ley Circuit Court, before the act creating McCreary County became a law, there could have been no doubt of the Whitley Circuit Court's jurisdiction of the case; but as there was no trial of the appellee in that court, before the act creating the county of McCreary became effective as a law, the circuit court of McCreary County has exclusive jurisdiction of the case and appellee's trial must take place in the circuit court of McCreary County.

We find in 12 Cyc., page 241, the following statement of the law upon the question under consideration, which accords with the view we have expressed.

"Where the territory in which the crime has been committed is created into a new county by the subdivision of the old county or otherwise, the courts of the new county have exclusive jurisdiction. The crime should be charged as having been committed in the old county."

In a note on the same page, the case of People v. State, 103 California, 192, 42 Am. S. Reports, 102, is cited in support of the text. In that case the defendant was charged with robbery alleged to have been committed in Tulare County, March 2, 1893. On May 29, 1893, the county of Kings was organized out of a portion of Tulare County, which included the territory where the defendant committed the crime. He was tried in Kings County under an indictment or information, for the robbery, therein returned or filed, and upon the trial convicted of grand larceny, a degree of the offense charged. On appeal to the Supreme Court of California he contended that the Superior Court of Kings County had no jurisdiction over the alleged offense and for that reason the judgment of conviction was void. The question was raised by him in the court below upon motion to dismiss the prosecution for want of jurisdiction, which motion was supported by evidence showing that before the organization of Kings County, there was commenced in the Superior Court of Tulare County a prosecution for the identical offense charged in the prosecution in Kings County, which prosecution in Tulare County was pending in the Superior Court of that county at the time of the organization of Kings County, though it was later dismissed. Upon the facts thus presented the Supreme Court in the opinion delivered, said:

"Has the accused been tried and convicted in the proper county? We find no case directly in point upon the question here involved. The authorities all agree that the newly created county has jurisdiction of a defendant charged with an offense committed prior to the creation of the new county, and upon territory within its boundary lines. But the question of jurisdiction seems never to have arisen where a prosecution was actually pending at the time the new county was created. As supporting the general principle above stated, see McElroy v. State, 13 Ark., 708; Murrah v. State, 51 Miss., 675; State v. Bunker, 38 Kan., 737; State v. Jones, 9 N. J. L., 357; 17 Am. Dec., 483; State v. Donaldson, 3 Heisk, 48; Bishop on Criminal Procedure, section 49.

"We do not think that the fact of an existing prosecution against the defendant in Tulare County, at the date of the creation of the new county of Kings, causes any exception to the general rule declared in the foregoing authorities. At the time the defendant was tried and convicted no proceedings were pending against him in Tulare County, and we are unable to see that he occupied any different position than if there had never been any prosecution begun in that county. Possibly a judgment of conviction under the first prosecution would have been a valid and legal judgment. United States v. Dawson, 15 How., 467. But even conceding such to be the fact, it does not follow that the mere circumstance of the existence of a pending prosecution at the date of the creation of the new county (which was subsequently dismissed), is a bar to a second prosecution. Why should it be? In the absence of the first prosecution it is conceded that the new county was the proper county for trial; yet, under the first prosecution it is not claimed, that the defendant was either acquitted or convicted, for it is perfectly apparent that jeopardy did not attach. He now stands before the court exactly as if no proceedings were ever taken against him in Tulare County. If the Superior Court of that county had no jurisdiction to try the defendant, then beyond question the prosecution and conviction were properly had in Kings County; and, if the Superior Court of Tulare County had jurisdiction of the offense and the defendant, it had jurisdiction for all purposes and consequently the power to dismiss the prosecution and discharge the defendant. The fact that the court may have

made the order upon insufficient grounds, and thus have committed error in so doing (which is not conceded), is foreign to the question. The dismissal of the case was a matter within the power of the court, and the order of dismissal, as far as the defendant is concerned, was as effectual as though made upon the most incontestible ground. We see no cause of complaint upon his part. He has been deprived of no constitutional right. He has had a speedy and public trial by an impartial jury, selected from the county including the territory upon which the crime was committed. Indeed the defendant is favored in this respect, for he has been tried by a jury selected from a vicinage much more restricted than if the trial had been in the country where the original prosecution was begun."

In People v. McGuire, 32 Cal., 140, the Supreme Court of that State also held that the courts of a new county do not acquire jurisdiction until the organization is perfected; and that the courts of the old county have jurisdiction until then.

The conclusion we have reached is, we think, sustained by section 6 of the act creating the new county of McCreary, which provides:

"The several counties from which McCreary County is taken shall have jurisdiction to their limits, the same as before this act was passed, until the officers for McCreary County shall have been appointed, as herein provided, and shall have qualified as provided herein."

The converse of what is here said must be true, that is, that as McCreary County was organized by the appointment and qualification of its officers, previous to the return of the indictment against appellee in the McCreary Circuit Court, it follows that the courts of the several counties, from which McCreary County was taken, then lost jurisdiction over such portions of their territory respectively, as was included in McCreary County.

As to the question of procedure, we are of opinion that, as the circuit court of the county of McCreary, upon its organization as indicated, obtained exclusive jurisdiction of the crime committed by appellee, his prosecution therefor may be had in McCreary County, under the indictment returned in the Whitley Circuit Court, by the entering of an order in that court trans-

ferring it to the ·McCreary Circuit Court for trial, in which event the indictment returned in the McCreary Circuit Court should be dismissed. Upon the other hand, he may be tried in the McCreary Circuit Court under the indictment returned in that court; but if his trial be had under the latter indictment, the indictment pending in the Whitley Circuit Court should be dismissed.

Wherefore, this opinion is certified to the lower court as the law of the· case.