## Hurst v. City of Flemingsburg, et al.

(Decided November 9, 1916.)

### Appeal from Fleming Circuit Court.

1. Taxation—Place—Domicile or Residence—Intangible Personal Property.—The owner of a farm sold his farm and distributed

some of his property among his children. He purchased a lot in the city of Flemingsburg, Kentucky, upon which he afterwards erected a commodious home. Shortly thereafter he purchased a farm in Ohio, declaring his intention to make it his home. In renting the farm he reserved two rooms in the residence thereon, in which he placed household and kitchen furniture. He spent a portion of each year on the farm, improving it and attending to the only business he had. He paid taxes on his intangible personalty to the taxing officers of the state where the farm was located and also voted in several elections held in that state: Held, that he was an actual resident of the state of Ohio, notwithstanding the fact that he occupied for a greater portion of the time a dwelling house in Kentucky that was more comfortable and better furnished than his residence in Ohio.

2. Taxation—Place—Domicile—Residence.—The intangible personalty of a non-resident is taxable at his domicile and not in this state.

J. H. POWER, B. S. GRANNIS and O'REAR & WILLIAMS for appellant.

JOHN P. McCARTNEY, ALVIN S. KENDALL, O. R. BRIGHT and PAUL HEFLIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, J. C. Hurst, brought separate suits against the city of Flemingsburg and Fleming County to enjoin them from collecting taxes on his intangible property. The suit against the city of Flemingsburg involves taxes for the years 1912, 1913 and 1914. The suit against Fleming County involves taxes for the years 1913 and 1914. The two suits were consolidated. The injunction was asked on the ground that plaintiff was a resident of the State of Ohio. On final hearing plaintiff was denied the relief asked and he appeals.

The record develops the following facts: Plaintiff and his wife were the owners of a farm in Fleming County. They disposed of this farm in the year 1909 and gave to their three children $6,000.00 apiece. In the spring of 1910 plaintiff bought a lot in Flemingsburg. Upon this lot a dwelling house was erected with the money of his wife. The house was equipped with every modern convenience and was well furnished. Shortly after the purchase of the lot plaintiff bought a farm in Brown County, Ohio. At the time of the purchase, which was before this controversy arose, he announced that

he was going to make the farm his home. A tenant took charge of the farm and worked it on shares. Plaintiff reserved two rooms in the dwelling on the farm and moved some household and kitchen furniture there. During the summer of 1911 plaintiff spent most all of his time on the farm. During the summers of 1912 and 1913 he spent from two to three months on the farm. His wife frequently stayed with him on the farm, but spent most of her time in Flemingsburg, or in Fleming County, visiting her daughters. Plaintiff's health was not good, and for this reason he did not stay on the farm during the winter. The winter of 1912-1913 he spent in Florida. His sons and their wives visited him while on the farm. During the years in question he paid his taxes on his intangible property in Brown County, Ohio, and participated in the primary and regular elections held in that county.

The proof for the defendants tends to show that during the years in question plaintiff spent the greater portion of his time in the city of Flemingsburg and that his neighbors never knew that he had changed his residence, but regarded him as a resident of Flemingsburg. Some of them also say that he stated that he was building a comfortable home in Flemingsburg for himself and wife.

Of course, a party cannot live altogether in one state and acquire a residence in another state by mere declaration of intention. The question of residence is one of fact and intention. Both must concur. But where a party has an actual residence in two different states and spends a substantial portion of his time in each, he may establish his residence in either state, and neither the fact that his dwelling house in the other state is more comfortable or better furnished, nor the fact that he spends the greater portion of his time there, will be conclusive on the question of residence. Here both the intention and fact concur. Just after he had given up his home in Fleming County plaintiff acquired the Ohio farm for purposes of a home. This is not all that he did. He established a residence on the farm. Each year he spent a portion of his time there, improving his farm and transacting the only business which he had. He exercised the privileges of a bona fide resident and citizen by participating in the elections held in the county where his farm was located. His intangible property was subject to taxation at the place of his legal resi-

dence. He paid the taxes on such property to the taxing authorities of Brown County, Ohio. Viewing the question in the light of plaintiff's declared intention and his subsequent conduct, we conclude that for the years in question he was an actual resident of the State of Ohio, notwithstanding the fact that he occupied for the greater portion of that time a house in Flemingsburg that was better furnished and more comfortable than his Ohio residence. Montgomery v. City of Lebanon, 111 Ky. 664; City of Lancaster v. Pope, 156 Ky. 1; City of Winchester v. Van Meter, 158 Ky. 31, 164 S. W. 323; Baker v. Baker, Eccles & Co., 162 Ky. 683. It follows that his intangible personalty was taxable in Ohio and not in Kentucky and the injunction prayed for should have been granted.

Judgment reversed and cause remanded for proceedings consistent with this opinion.