## City of Ashland v. City of Catlettsburg, et al.

(Decided November 23, 1916.)

### Appeal from Boyd Circuit Court.

1.  Domicile—Nature and Elements—Intention.—Legal residence consists of fact and intention; both must concur; when legal residence is once fixed it requires both fact and intention to change it.

2.  Domicile—Change of Domicile—Intention.—Where a person changes his place of abode with an expressed intention, not inconsistent with his conduct, of retaining his legal residence at the old home, he does not change his legal residence.

3.  Domicile—Intention.—The question of intention is one of fact to be determined upon all of the facts in evidence in a particular case.

4.  Domicile—Change of Domicile.—Upon all the facts of this case held that the party did not change his legal residence to the home of another although he remained there for seven or eight years.

JOHN T. DIEDERICH and D. H. PUTNAM for appellant.

D. M. HOWERTON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Columbus Prichard died on August 22, 1914, a resident of Boyd county, Kentucky, and after his death it developed that he was the owner and possessed of $40,000.00 in personal property that had not been assessed for taxation for the five years next before his death. The cities of Ashland and Catlettsburg and the Board of Education of Catlettsburg each asserted claim against his estate for taxes upon this sum for that period. His administratrix, Mrs. Ceres Prichard, filed this action in the Boyd circuit court making both cities and said Board of Education parties and asking that they be required to set up and litigate their respective claims in order that she might know in which city she was liable for taxes.

The only question involved is the legal residence or domicile of the decedent for the five years preceding his death. The domicile of an individual has been the

frequent subject of litigation and the law with reference thereto has been clearly defined and is thoroughly established, but the application of the law to the particular facts of a case is frequently a very difficult proposition. It is conceded in the instant case that Mr. Prichard's actual and legal residence was in Catlettsburg for some thirty or forty years prior to 1907, when he sold his home in Catlettsburg and moved with his son and daughter-in-law into a home in Ashland that he had built for his son, who was his only child, and who was engaged in business in Ashland. It is contended for appellant that by selling his home in Catlettsburg and moving into the home in Ashland, decedent transferred his legal as well as his actual residence from Catlettsburg to Ashland. Decedent did change his place of abode in 1907 from Catlettsburg to Ashland, but whether or not he made a like change in his domicile is the particular question before us. Upon this subject we find in Vol. 2 of Words and Phrases, Second Series, page 137, the following:

"Mere change of residence is not of itself proof of a change of domicile unless accompanied by an intention, express or implied, to abandon the old domicile and acquire a new one. Within the principle of law declared in the decisions, a person may reside for pleasure or health in one place without forfeiting or surrendering his domicile or legal residence in another; if he so intends. It is not residence alone, but it is the intention of the person, expressed or implied from the facts in evidence, conjoined with residence, that determines domicile. Every person *sui juris* and capable of controlling his personal movements may change his domicile at pleasure, but a change of domicile involves intention as the dominant factor."

Numerous authorities are cited in support of this text, among which is the case of Tipton v. Tipton, 87 Ky. 245, where this court in distinguishing between legal and actual residence said:

"There is a broad distinction between a legal and actual residence. A legal residence (domicile) cannot, in the nature of things, co-exist in the same person in two states or countries. He must have a legal residence somewhere. . . . . The law will, from facts and circumstances, fix a legal residence for him, unless he voluntarily fixes it himself. His legal residence consists

of fact and intention; both must concur; when his legal residence is once fixed, it requires both fact and intention to change it. As contradistinguished from his legal residence, he may have an actual residence in another state or country. He may abide in the latter without surrendering his legal residence in the former, provided he so intends.''

Another statement of the particular phase of the law of domicile with which we are now concerned that is often quoted is the following from Jacobs' Law on Domicile, page 378:

''A removal which does not contemplate an absence from the former domicile for an indefinite and uncertain time is not a change of it. But when there is a removal, unless it can be shown or inferred from circumstances that it was for some particular purpose, expected to be only of a temporary nature, or in the exercise of some particular profession, office, or calling, it does change the domicile. The result is that the place of residence is *prima facie* the domicile, unless there be some motive for that residence not inconsistent with a clearly established intention to retain a permanent residence in another place.''

It follows that although decedent changed his actual residence from Catlettsburg to Ashland in 1907, he did not change his legal residence or domicile unless he intended so to do, and his intention in the final analysis is really the only question in issue, and in determining this issue the party's own expressed intention cannot have a controlling effect; where there is a conflict between his intention as expressed and as exhibited by his conduct the latter will usually control. Saunders v. City of Flemingsburg, 163 Ky. 682. With this statement of the law of domicile before us, which we conceive is a correct statement of as much of that law as is applicable to this case, we will now consider the evidence as to decedent's intention. As expressed by him upon all occasions when he had in mind the distinction between actual and legal residence, the evidence is unanimous that Mr. Prichard intended his legal residence should remain in Catlettsburg. As was stated by his daughter-in-law, Mrs. Ceres Prichard, whose testimony seems to have been entirely impartial, atlhough she testified as a witness for appellant, ''whenever you talk of home to father, Catlettsburg meant home to him.'' His purpose or motive in moving

to Ashland from Catlettsburg is equally as free from doubt, for it is conclusively shown that having himself retired from business after his wife died in 1900, his son and only child being engaged in business in the nearby city of Ashland, it was the desire of the father, son and daughter-in-law to live together; that as a result of this desire, the son and daughter-in-law were induced by the father to leave their home in Ashland and come to live with him in his home in Catlettsburg, although the father was not actively engaged in business at either place, while the son was engaged in business in Ashland. In deference to the father's desire to reside in Catlettsburg, they lived there for seven years, although this arrangement was inconvenient to and not in accord with the wishes of the son and daughter-in-law, and only after seven years of solicitation by the son and daughter-in-law did Mr. Prichard consent to sell his home in Catlettsburg and go to live with them in their home in Ashland. Nor was there any difference in the tax rates of the two cities that can be said to furnish a motive for the change, which in some cases has been held to be the reason for an attempt to maintain or establish a fictional domicile at another place than the place of actual residence.

Ashland and Catlettsburg are quite close together; in fact, so close as to be almost, if not quite, adjacent to each other. After Mr. Prichard moved to the home in Ashland he continued to spend much, if not the greater part, of each day in Catlettsburg in the same places that had been attractive to him throughout his business life. He registered and voted in Catlettsburg every year in which he registered or voted at the same place as he had done for more than thirty years, and he never registered or voted or attempted to register or vote, at any time, in Ashland. Such personal property as he listed for taxation, he listed each year in Catlettsburg, and he never listed any personal property for taxation in any year in Ashland, although the tax rate was practically the same in each place. He never did any act so far as we can discover from the record inconsistent with his expressed intention of retaining his legal residence in Catlettsburg except to eat and sleep in the home of his son and daughter-in-law under an arrangement whereby he paid all the household expenses, which was but a continuation of the arrangement that had existed during

the seven or eight years that his son and daughter-in-law had lived with him in his home in Ashland, and this fact alone is clearly insufficient to change his domicile, as it is only the "fact" and but one circumstance; and the only circumstance showing intention to change his domicile, while every other circumstance proves a different intention. So that in this case it can hardly be said there is any conflict between the expressed intention and the conduct of decedent, although he registered at hotels when away from the county upon two occasions as from Ashland and said upon several occasions that Ashland was a nice city in which to live, since these were but expressions with reference to his place of abode as distinguished from domicile.

Counsel for appellant, however, contend that the fact that he continued his abode at the home of his son and daughter-in-law in Ashland from 1907 until the time of his death without any place of abode in Catlettsburg, is conclusive evidence that there was an absence of any present intention upon the part of Mr. Prichard of ever returning to Catlettsburg, or of ever living any place except in the home in Ashland, and that whatever intention he may have had, if any, of returning to Catlettsburg or going elsewhere was but a floating intention and too indefinite to support a legal residence at any place other than his actual residence, and this is the only view of the facts of this case which presents any real trouble.

In many cases an attempt to maintain a legal residence at an old home after a change to a new place of abode has been denied upon the ground that the intention to return was too indefinite to be more than what is frequently called a floating intention, and not sufficient to support the claim, and we are not disposed to question the soundness of any of these cases upon the facts involved, but we do not think that the facts of those cases are entirely analogous to the facts of this case. In the decision of a question of domicile, it is hardly possible that a decision in one case can be of much value in the decision of another, for the question is always one of fact, depending upon all the facts in evidence, and but slight differences in any two cases will justify and may demand contrary conclusions. Upon this question Mr. Justice Cooley in Vol. 1 of his work on Taxation, third ed., page 641, says:

"No exact definition can be given of domicile; it depends upon no one fact or combination of circumstances, but from the whole, taken together, it must be determined in each particular case. It is a maxim that every man must have a domicile somewhere, and also that he can have but one. Of course, it follows that this existing domicile continues until he acquires another; and vice versa, by acquiring a new domicile he relinquishes a former one. From this view it is manifest that very slight circumstances must often decide the question. It depends upon the preponderance of evidence in favor of two or more places; and it may often occur that the evidence of fact tending to establish the domicile in one place would be entirely conclusive were it not for the existence of facts and circumstances of a still more conclusive and decisive character which fix it beyond question in another. So, on the contrary, very slight circumstances may fix one's domicile, if not controlled by more conclusive facts fixing it in another place."

This text has been approved by this court in the cases of City of Lebanon v. Biggers, 117 Ky. 433, and Inter-Southern Life Ins. Co. v. Milliken, 149 Ky. 516, and many other cases. In fact it is recognized in the decisions of all cases upon this question, and we do not, therefore, deem it necessary to take up separately the cases upon which appellant relies, but we think this case is distinguishable from those cases by the fact that decedent's natural desire to live with his son and daughter-in-law is clearly shown to be his only reason for reluctantly consenting to live outside of Catlettsburg and that their home was so near to Catlettsburg as to permit him to live with them and at the same time exercise his every right and duty as a citizen of Catlettsburg; together with the fact that he did continue to spend a part of nearly every day in that city, to maintain the same interest in its welfare and to exercise there his rights and duties of citizenship as he had always done. And we feel we may consistently say from the evidence here that Mr. Prichard at all times had a "presest intention of returning" to Catlettsburg at any time the arrangement by which he was staying in the home of his son and daughter-in-law, which was not his home but theirs, became unsatisfactory, and this being so, although he remained in their home for seven or eight years, it can-

not be said to have been his permanent home or more than a temporary abiding place.

Upon all of the facts of this particular case we do not think the chancellor erred in holding that Mr. Prichard for the five years next before his death was a legal resident of the city of Catlettsburg, and the judgment is affirmed.