## Wallis v. Short, et al.

(Decided February 21, 1922.)

### Appeal from Calloway Circuit Court.

1. Wills—Intention of Testator.—Where it is patent from all the provisions of a will that it was the intention of the testator to provide his unmarried daughters, while single, with a home upon and support from a tract of land during the continuance of a life estate devised his widow therein, and that after the death of the latter, such right should continue in the daughters so long as they remained unmarried, but that upon the marriage of all of the daughters the land should be divided equally among all of his children, the fact that the only one of the daughters remaining unmarried, after residing upon the land several years following the death of the widow, as a means of support rented it to a tenant and removed to the nearby home of her brother, did not deprive her of the right, conferred by the will of the father, to a

support from the land or to retain possession of the land by her tenant as a means to that end.

2. Wills—Contingent Estate.—There is but one contingency the happening of which, under the will of the father, would deprive the daughter of the right to retain as a home or for her maintenance the land devised, viz.: the marriage of the daughter.

COLEMAN & LANCASTER for appellant.

THOMPSON & SPEIGHT for appellees.

Opinion of the Court by Judge Settle—Affirming.

W. D. Short died in 1886, testate, survived by his wife and ten children, seven daughters and three sons. He owned at his death a farm of 180 acres in Calloway county, upon which he and his family resided. His will, omitting signatures of testator, attesting witnesses and certificate of probate, is as follows:

"I, W. D. Short, being of sound mind and disposing memory, do make and ordain this as my last will and testament hereby revoking all former wills or codicils made by me.

"That is 1st. I will and bequeath to my wife, Martha Jane Short, all my estate of whatever kind which I may own at my death to have and control the same during her life subject to incumbrance as hereinafter described.

"2nd. I will and desire that my daughters, Elizabeth A., Willie W., Lena L. and Lillie A. Short, share with their mother the use of said property so long as they may remain single, that is to say that such of said named daughters is to have a joint use of said property as a home and for their support and maintenance so long as they remain unmarried and reside on said property, and when either of them marries then the use of such one in said property ceases and so on until each is married; and should my wife die before said daughters marry then I desire that they have the use and control of said property under the conditions set out in 2nd paragraph of this will.

"3rd. I will and desire that should either of my married daughters lose their husbands by death or otherwise and be unable to procure a home for them and their minor children that they be allowed a home on the land herein conveyed until such time as she may marry again or become able to procure another home.

"4th. The object of this will is to prevent the sale or division of my property and to keep and preserve the

same as a home and for the use of my wife during her life and for all my daughters so long as they are entitled to it under the conditions above set forth.

"5th. After the death of my wife, and after my four daughters above named shall be married and if at such a time my widowed daughters shall be provided with homes elsewhere than on my lands, then my entire estate to descend to all my children equally and may then be disposed of as seems best to them.

"Lastly, I wish and desire that my son, T. W. Short and my son-in-law, Mc Radford aid and assist my family in carrying out and receiving the benefits of this my last will and testament."

Three of the seven daughters of the testator were married before his will was executed, and three of the four unmarried daughters named in the will, viz.: Lena, Lillie and Willie, married after his death. Of the three married before the execution of the will one became a widow and the other two died, all occurring after the death of the father. Only one of the three sons is living, the other two having died after the father; but each of the deceased sons and daughters left children surviving them. The widow and such of the four daughters named in the testator's will as did not in the meantime marry remained together on the farm until the widow's death. Elizabeth A. Short, the daughter of the testator who did not marry and is yet a spinster, continued to reside on the farm until 1917, when being left entirely alone she rented the farm to a tenant and went to the home of a brother nearby, where she is still residing. Since the death of her father the farm in question has been her only source of support and she is yet wholly dependent upon it for a support.

Sarah, the eldest of the testator's daughters, after becoming the wife of appellant, G. W. Wallis, died in 1919, leaving a will by which her undivided interest in the land left by her father was devised her husband. This action was brought by the latter to obtain a sale of the land and division of its proceeds among the children of W. D. Short yet living, and the children of such of his children as have died, which would necessitate a division of the proceeds of the land into ten equal shares or parts, to one of which the appellant would be entitled as sole devisee under the will of his deceased wife. The appellees, Elizabeth A. Short and other living children of W. D. Short,

together with the children of such as are dead, were made defendants to the action. The will of W. D. Short and that of Sarah Wallis, the appellant's deceased wife, were filed with and each made a part of the petition. The claim of the appellant to the relief sought was rested by the petition upon the alleged removal of the appellee, Elizabeth A Short, from the farm in question to the home of her brother in 1917 and her residence since that time with the latter, it being alleged in the petition that such change of residence amounted to an abandonment of appellee's right under the will to any further control or use of the farm as a means of support, or to again take up her residence thereon, and thereby precipitated the period or situation which, under the fifth clause of W. D. Short's will, must operate to compel an equal distribution of the entire estate devised among the devisees as therein provided.

It was also alleged in the petition that the four other living daughters of the testator, three of whom are married and the fourth a widow, are all provided with homes elsewhere than on the land devised by his will; that the land cannot be divided without materially impairing its value as a whole and the value of each share therein, and that there are no debts against the estate of the testator.

The appellee, Elizabeth A. Short, filed a general demurrer to the petition and, without waiving same, also filed an answer, denying her abandonment of the land devised by the will of her father as a home, or that she had acquired a home elsewhere; also any right in the appellant to obtain a sale of the land or distribution of the proceeds among the devisees as authorized by the will of her father; and alleging that she is still unmarried and wholly dependent upon the land for a support; and that by reason thereof, as well as by the fact that she is unprovided with a home elsewhere, she is entitled under the will of her father to continue in the possession and use of the land for her support, and to retain her home thereon so long as she remains unmarried.

After the completion of the issues by the filing of a reply controverting all affirmative matter of the answer, the cause was submitted in the court below upon the pleadings, exhibits and a writing containing an agreed statement of facts, the submission resulting in a judgment dismissing the petition and awarding appellees their costs.

The appellant complains of the judgment, hence this appeal.

Although the codefendants of the appellee, Elizabeth A. Short, failed to make any defense to the action in the court below, that fact is no more indicative of their acquiescence in the construction of the will of W. D. Short demanded by the appellant, than was their refusal to unite with him as plaintiffs in bringing the action indicative of their inclination to adopt the construction of that instrument contended for by the appellee, Elizabeth A. Short; and the fact that, though made appellees in this court, they have here failed by brief of counsel, or otherwise, to urge either construction, would seem to give color to the intimation of her counsel that they were unwilling to have her disturbed in the possession of the land. However, the desires of the parties can have no effect upon the meaning of the will, which must be determined from the language of the instrument and the rules of construction applicable thereto.

The agreed statement of facts appearing in the record merely shows that the appellee, Elizabeth A. Short, has never married; that she resided upon the land devised by the will of her father from the date of his death until some time in the year 1917, when she went from the land to the home of her brother, Frank Short, where she has since remained, but that during the entire time of her stay at the home of the brother her possession of the land was continued through a tenant; and that since the death of her father she has been wholly dependent upon the rents and profits of the land for a support. Whether there has been a change in the domicile in any given case is a question of intention to be determined by proof; and to legally effect a change of domicile there must be a removal from one place of residence to another with the intention to abandon the former and make of the latter a permanent home; the burden of proof to establish such change of domicile being upon the party alleging the change. Boyd's Exr. v. Commonwealth, 149 Ky. 769, 19 C. J. 407.

Tested by the rule, *supra,* it cannot be said to satisfactorily appear from the evidence contained in the record before us that the home of the brother of the appellee, Elizabeth A. Short, became or now is her legal domicile. Whether she is a boarder in the brother's home or under what contract or arrangement she has remained there is

not disclosed; and it is not claimed by the appellant nor shown by the circumstances attending her residence with the brother that he is under any legal or moral obligation to provide her with a home.   At most the meagre facts and circumstances presented by the record merely create a presumption that she is an inmate by sufferance of the brother's home, which would necessarily make it a temporary home, her enjoyment of which did not constitute an abandonment of the home provided her by the will of her father.   ·

But, if it were conceded that the appellee, Elizabeth A. Short, did remove to the residence of her brother with the intention of making it her permanent home, such change of domicile did not in our opinion operate to deprive her of the right to continue in the possession and use of the farm devised by the will of W. D. Short, as it is our conclusion that it was his intention, as expressed in the will, that only by the marriage of his daughter, Elizabeth A., can she be deprived of the possession and use of the land devised.   This is clear from every part of the will referring to the conditions, coupled with its use by the testator's daughters.   Even the life estate it devised his widow in the farm is charged in the first and second clauses with the joint use and support of the widow and four daughters named therein so long at the latter remained single; and this right is continued in each of the daughters under the same conditions, after the termination of the life estate of the widow.   This is shown by the following language from the second clause:

"I will and desire that my daughters, Elizabeth A., Willie W., Lena L., and Lillie A. Short, share with their mother the use of said property so long as they may *remain single;* that is to say, that each of said named daughters is to have a joint use of said property as a home and for their *support* and *maintenance* so long as they remain unmarried and reside on said property, *and when either of them marries, then the use of such one in said property ceases, and so on until each is married;* and should my wife die *before said daughters marry,* then I desire that they have the use and control of said property under the conditions set out in the second paragraph of this will."

By the third clause it is provided that any married daughter of the testator whose husband may die leaving her unprovided with a home, may with their minor chil-

dren be allowed a home on the land "until such time as she may marry again or became able to procure another home."

It is manifest from the will as a whole that it was the intention of the testator first of all, to provide each of his four daughters named in the will with a support from the farm devised, and, also, with a home thereon, as long as she remained unmarried; and further that the right of each to such support from and home upon the farm should cease with her marriage, and in no other way. This intention of the testator is reiterated in the fourth clause of the will, which declares it:

"The object of this will is to prevent a sale or division of my property and to keep and preserve the same as a home and for the use of my wife during her life and for all my daughters as they are entitled to it under the conditions above set forth."

Again, as if to leave no doubt of his intention respecting the daughters, the testator finally says in the fifth clause of the will:

"After the death of my wife, and after my four daughters above named *shall be married,* and if at such time my widowed daughters *shall be provided with homes elsewhere than on my lands,* then my entire estate to descend to all my children equally and may then be disposed of as seems best to them."

It must, from the language of the will, be granted that the testator intended his four single daughters named in the will to make their home upon the land, as well as have a support therefrom, so long as they remained unmarried; but it was also his intention that marriage, and not removal from the land, should end their right to the possession and use thereof as a home and means of support. It is the widowed daughters and their minor children left by deceased husbands unprovided with homes, who, by the terms of the will, are to "be allowed a home on the land," but without any right of support therefrom, until such widows "may marry again or become able to procure other homes." But the will puts no such restriction upon the possession or use of the land by the four daughters named in the will and who were unmarried when it was executed. Their right to it was that of possession and its use for their personal maintenance so long as they remained unmarried, and such right yet exists in the appellee, Elizabeth A. Short, as the only one

of the four remaining unmarried. This right she did not forfeit or abandon by her removal to the nearby residence of her brother, as under the will of her father only by her marriage could it be terminated.

If it plausibly could be contended that there is any ambiguity in previous provisions of the will respecting the right claimed by appellee to the land in question it seems to be entirely removed by the language of the fifth clause which, as we have already seen, in fixing the time for distributing the testator's estate equally among all his children, provides as follows:

"After the death of my wife, and after my four daughters above named shall be married, and, if at such time my widowed daughters shall be provided with homes elsewhere than on my land, then my entire state to descend to all my children equally, etc." The above language unmistakably indicates that the time for distributing W. D. Short's estate under his will cannot arrive until the marriage or death of the appellee, Elizabeth A. Short, and not even upon the happening of either of those events, if then any widowed daughter of the testator should be unprovided with a home elsewhere than upon this land.

It is a well known rule of construction that every clause and word of a will is presumed to have been intended by the testator to have some meaning; and, as well said in 28 R. C. L. 217, "where two constructions are suggested, the one disregarding a word or clause of a will and the other giving effect to the will as a whole, the latter must be adopted."

In McCormack v. Reinberger, et al., 192 Ky. 608, we had before us for construction a will in which the testatrix devised a part of her estate to a son with the proviso: "If my said son shall die unmarried and without lawful issue living at his death, then all of the property and estate he takes under this will shall go in equal portions to my other children," was held to vest in the devisee an estate absolute at his death, if he married, though he had no lawful issue living at his death. This conclusion was based upon a rule of construction announced in Travers v. Reinhardt, 205 U. S. 428, and other cases therein cited, and is thus stated in the syllabus of the opinion in McCormack v. Reinberger, et al., supra: "Where a devise over is to take effect only upon the failure of the devisee to perform two named conditions, the performance of one

of such conditions will prevent the taking effect of the devise over.''

In the case at bar there is but one contingency the happening of which could, under the will of her father, have deprived the appellee, Elizabeth A. Short, of the right to retain as a home and for her maintenance the possession of the land devised by the will of her father, and this contingency is her marriage, which has not occurred. There is, therefore, no error in the judgment of the circuit court dismissing the petition. Wherefore, it is affirmed.