## Graves' Administrator v. City of Georgetown.

(Decided June 3, 1913.)

## Appeal from Scott Circuit Court.

1. Taxation—Residence of One for Taxation.—A man's residence for taxation is where he really resides, and a verdict finding his residence where he spent most of his time will not be disturbed, although he declared that his residence was elsewhere.

.2. Taxation—Listing Omitted Property—Appointment of Supervisors by Council—Vote of Council.—In listing omitted property for taxation under section 3542 Ky. Stats., the vote of the council need not be taken by yeas and nays and recorded in the journal.

3. Estates—Demand Against Estate of Decedent—Verification.— Every demand against the estate of a decedent must be verified by the affidavit of the claimant showing its justness and no judgment can be entered until such affidavit is filed. But this does. not affect the verdict and on a return of the case a judgment may be entered upon the verdict after the proper affidavit is filed.

ROBT. B. FRANKLIN ROBT. C. TALBOTT for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

The city of Georgetown brought this suit against George T. Graves to recover of him taxes on his personal property for the years 1905-6-7-8 and 9. He filed an answer in which he denied that he was a resident of Georgetown, and after this he died during the pendency of the action. After his death the city filed an amended petition for the purpose of reviving the action; also to recover the taxes for the year 1910. On a trial of the case before a jury, there was a verdict and judgment for the city for the taxes for the years 1908-9 and 10, its petition being dismissed as to the taxes for the years 1905-6 and 7. The defendant appeals.

The proof on the trial showed that George T. Graves was a bachelor owning about $60,000 in personalty. He had lived all his life in Scott County outside of the city of Georgetown on a farm that he owned up to about the year 1904, when he sold the farm and after this he spent. most of his time boarding at some hotel in Georgetown. After he had sold the farm, he occupied a room in the -house and always kept some of his clothing and other

personal property there. He claimed that as his home, and always voted in that precinct. His niece to whom he had sold the farm, invited him to remain there with her. But he had no right of residence there, and only remained there at the invitation of his niece when he was there. He spent a good deal of his time visiting in different parts of the United States, but there was evidence on behalf of the city that his real home was in Georgetown after he sold his farm sufficient to take the case to the jury, and on all the proof we cannot say that the verdict of the jury is against the evidence. Residence is a question of fact and while we are satisfied that the decedent always intended that his home should be considered at the farm, he no doubt was actuated largely by the motive of escaping city taxation, and we do not see that the jury erred in finding that his real home at least during the years 1908-9 and 10 was in Georgetown.

While section 3489, Kentucky Statutes, applying to cities of the fourth class, provides that no ordinance for the assessment of any tax shall be valid unless the yeas and nays thereon be recorded in the journal of proceedings, this provision applies only to ordinances levying a tax. It does not apply to ministerial action taken by the council in making an assessment of property subject to taxation which has not been listed as provided, in section 3542. The council may list omitted property by an order entered upon their record without passing an ordinance.

The instructions of the court to the jury aptly and clearly presented the law of the case and placed the burden of proof on the city as they were told that they could find for the city if they believed from the evidence that the deceased was a resident of the city and had his domicile there. The court also gave the jury on the motion of the defendant, this instruction:

"The court instructs the jury that it is a maxim of the law that every person must have a domicile or home and also that he can have but one and that when once established it continues until he renounces it and takes up another in its stead, and that a home or domicile is not lost by temporary absence, and where one has had an actual home or domicile and departs from it temporarily intending to return, it will remain his legal home or domicile for all purposes."

The jury could not have misunderstood the law of the case.

We find, however, one error in the record. Section. 3870, Kentucky Statutes, requires all demands against the estate of a decedent to be verified by the affidavit of the claimant stating certain facts.

Section 3872 provides:

"Before such affidavit is made no action shall be brought or recovery had on any such demand."

A tax claim against a decedent's estate must be verified as other claims. (Gay v. City of Louisville, 93 Ky., 349). It is error to render a judgment upon a claim before it is verified. (Worthley v. Hammon, 13 Bush, 510, Usher v. Flood, 12 R., 721). A contrary rule was not laid down in Spradlin v. Stanley, 124 Ky., 704. That case turned upon the fact that the objection had been waived in the circuit court by the appellant failing to make it at the proper time when he was called upon to make any objections that he had. But that principle does not apply here.

The judgment is reversed and the case is remanded with directions to set aside the judgment and re-enter it upon the necessary affidavit being filed.