## Saunders v. City of Flemingsburg, et al.

(Decided March 19, 1915.)

## Appeal from Fleming Circuit Court.

1. Domicile—Residence.—Though a party abandon his domicile it will still remain his legal residence until he takes up an actual residence elsewhere. In determining whether or not a new domicile has been acquired both the fact and intent must be present.

2. Taxation—Place—Domicile or Residence.—Plaintiff sold his home and moved into F. with no thought of returning to his former home. His family joined him in the new home. While there he superintended the building of a warehouse and became its manager. He conducted a large live stock business and made numerous loans on mortgages. He remained in F. for almost three years. Held, that he was an actual resident of F. and was taxable there, although he had a "floating intention" to go elsewhere when he found a place that suited him.

JOHN P. McCARTNEY for appellant.

PAUL HEFLIN and O. R. BRIGHT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming:

This is an action by plaintiff U. G. Saunders to enjoin the City of Flemingsburg from collecting certain taxes on the ground that he was not a resident of the city at the time the assessment was made. The chancellor refused the relief asked for and plaintiff appeals.

The facts on which plaintiff relies are as follows: For many years he and his family resided in Poplar Plains in Fleming County. Prior to March 11th, 1911, he sold his home property and gave possession during that month. He and his brother also owned about 570 acres of partnership land lying near Poplar Plains. About the same time that he sold his residence the partnership was dissolved and plaintiff purchased his brother's interest in the land. After leaving Poplar Plains plaintiff lived in Louisville for about three months and attended to certain duties there as a director of the Burley Company. Every two or three weeks he would return to Poplar Plains. When he returned he would sometimes board with Mrs. Samuel and sometimes stayed with his brother-in-law. During this time his wife remained in Louisville and his daughter continued at school at Millers-

burg. About the middle of July, 1911, they returned to Flemingsburg and took up their residence at Mrs. King's where they occupied furnished rooms and boarded at the hotel. They remained at the King residence in Flemingsburg for about a year. In September, 1911, plaintiff's daughter went to Lynchburg, Va., to school and remained there until after Christmas. She then returned to Flemingsburg. During the month of July, 1912, plaintiff and his wife moved to the property of Miss Ella Belt and at the time this action was filed were still occupying these rooms. While in Flemingsburg plaintiff would frequently make business trips to Lexington and other places. In March, 1914, he purchased a farm in Fayette County. After leaving Poplar Plains he always claimed that place as his home. He never intended to give up that home until he acquired a home elsewhere. He says that he had no intention of taking up his residence in Flemingsburg, but remained there only temporarily until he could find a place that was satisfactory. During the time that he remained in Flemingsburg he frequently stated to various people that he had no intention of making it his permanent residence. His church letter was transferred from Poplar Plains by the local minister at Flemingsburg, who insisted upon his becoming a member of the church at Flemingsburg. He was appointed on a church committee, but resigned because he did not know how long he would remain in Flemingsburg or how long it would be before he would locate permanently in some other place. While in Flemingsburg he was regularly assessed in Poplar Plains and paid his taxes as a resident of that precinct.

On the other hand, the city relies on the following facts: The sale of plaintiff's home in Poplar Plains left him without any home there and plaintiff never intended to return to Poplar Plains. After moving to Flemingsburg plaintiff superintended the building of a large warehouse by the Burley Company and when completed became its manager. He also rented a large stock barn just outside of the city limits where he handled a number of horses, mules, etc. He also purchased several hundred thousand pounds of leaf tobacco upon his own account and in connection with others. He was a money lender and took between thirty and forty mortgages in which he described himself as a resident of Flemingsburg. His church letter was moved to Flemingsburg.

After taking up his residence in Flemingsburg he remained there for almost three years and was still there when this suit was filed during the latter part of March, 1914.

It may be conceded that a party may abandon his domicile, but that it will still remain his legal residence until he takes up an actual residence elsewhere. In determining whether or not a new domicile has been acquired both the fact and intent must be present. A removal which does not contemplate an absence from the former domicile for an indefinite and uncertain time does not constitute a change. Where, however, there is a removal, unless it be shown or inferred from the circumstances that it was for some particular purpose expected to be only of a temporary nature or in the exercise of some particular profession, office or calling, a change of domicile is effected. City of Lebanon v. Biggers, 117 Ky., 430; Graves v. City of Georgetown, 154 Ky., 207; City of Winchester v. VanMeter, 158 Ky., 31; Boyd's Exor. v. Commonwealth, 149 Ky., 764. Whether or not a new residence has been acquired cannot be made to depend upon one fact or combination of circumstances but from all the facts and circumstances. Helm's Trustee v. Commonwealth, 135 Ky., 392. In the present case it is insisted that though plaintiff had abandoned his former domicile he never acquired a domicile in the City of Flemingsburg with a view of remaining there permanently. He was there merely for a temporary purpose, i. e., until he could invest in a home. It is true that plaintiff so testified. It is also true that his intention declared to others sustains this view. However, it must be remembered that a party's own testimony or declared intention cannot have a controlling effect. Where there is a conflict between the party's intention and his conduct, his conduct will control. Baker, et al. v. Baker, Eccles & Company, et al., 162 Ky., 683. Plaintiff admits that he left Poplar Plains with no thought of ever returning there. While he was in Louisville temporarily he acquired no residence there. He returned with his family to Flemingsburg in July, 1911. For nearly three years he remained there and conducted his business. Having abandoned his former domicile with no intention of ever returning and having acquired an actual residence in Flemingsburg, it was not necessary, in order to show that a new domicile had been acquired in Flemingsburg, to prove that plaintiff intended to stay there perma-

nently. Though plaintiff says he was there for temporary purposes only, he admits that he was to remain there until he purchased a new farm and, to say the least, his stay there was for an indefinite length of time. During that time he superintended the erection of the new burley warehouse and became its manager. He also proceeded to loan his money, presumably that which he acquired from the sale of his home, on mortgages. In addition to this he conducted a large live stock. business in a barn which he rented just outside of the city. In Baker v. Baker, Eccles & Company, *supra,* it was held that if a person actually removed to another place with the intention of remaining there for an indefinite time and as a place of fixed domicile, it was to be deemed his place of domicile, notwithstanding the fact that he might entertain a "floating intention" to return to his former home at some future period. We think the same rule is applicable under the facts of this case. Where a man abandons his former home and takes up a new home with a view of remaining there indefinitely, or until he actually purchases a new farm, and does remain there for almost three years, the fact that he may entertain a "floating intention" to purchase property and go elsewhere will not be sufficient to show that no change of domicile has taken place. Here plaintiff did not move to Flemingsburg to carry out some particular purpose of a temporary character He transacted practically all of his business there, and this business was of a large and substantial kind. Under these circumstances, there can be no doubt that he thereby surrendered his legal residence in the Poplar Plains precinct and acquired a new domicile and legal residence in the City of Flemingsburg. It follows that the injunction was properly refused.

Judgment affirmed.