# Elam v. Maggard.

(Decided September 28, 1915.)

## Appeal from Carter Circuit Court.

Elections—Qualifications of Voters in School Elections.—The word "reside" as used in Sections 4426a sub-section 3 and 4535h, Kentucky Statutes, in prescribing qualifications of voters in school elections, will be given the same meaning as is given to the same word as used in Section 145 of the Constitution prescribing qualifications of voters in other elections, i. e., it is equivalent to "legal domicile." The rule being that where one has acquired a legal domicile, it continues until he renounces it and takes up another in its stead, a voter who has established a residence in a school subdistrict and then removes therefrom temporarily, without the intention of remaining in the place to which he moved, permanently, and with the fixed purpose of returning to his former home, and who never at any time voted at any place except in the subdistrict of his former abode and the precinct of which it is a part (it being a different election precinct from the one to which he moved) is entitled to vote at the place of his former abode.

J. G. MORRIS for appellant.

JOHN M. WAUGH for appellee.

OPINION OF THE COURT BY JUDGE HANNAH.—Affirming.

Appellant, Noba Elam, and appellee, John H. Maggard, were at the election of August 1, 1914, opposing candidates for the office of Common School Trustee, in Sub-district No. 4, Educational Division No. 4, in Carter County.

There were sixty-one votes cast, of which number thirty-one were counted for Maggard and thirty for appellant, Elam. A certificate of election having been issued to Maggard, Elam contested the election, challenging the validity of two votes.

These were cast by Charles Gee and Amanda Gee, his wife. Upon a trial, the petition was dismissed, and from that judgment he appeals.

Gee testified that he was about thirty-seven years of age; had lived in the sub-district here in question all his life until March, 1913, at which time he and his wife moved to Olive Hill, a distance of seven miles, where he and his brother now conduct a blacksmith shop; that when he sold his land in said sub-district a short time prior to his removal therefrom, he reserved a small parcel of about an acre for the purpose of building a home upon it when he should return thereto; that he never had any intention of remaining in Olive Hill permanently, nor of staying away from his former home permanently; that at the time he removed therefrom, it was, and still is, his fixed purpose to return thereto; that he never at any time voted at any place except in the sub-district here in question and in the precinct of which it is a part (it being a different election precinct from the one in which Olive Hill is located).

No part of this evidence is contradicted by appellant, but he attempted to refute it by proof that Gee's children had attended school at Olive Hill; that Gee had paid $1.50 school taxes there (on what account it is not shown), and that his children had been enumerated in the Olive Hill district during two years. On the other hand, Gee testied that this enumeration was without his consent and over his protest; that he expressly refused to permit them to be enumerated in that district.

The qualification of a voter in the election of a Common School Trustee, in respect to residence, as fixed by the statute, is that he or she shall "have resided in a school sub-district for sixty days before an election."

See Kentucky Statutes, Section 4426a, Sub-section 3, and Section 4535h.

One of the qualifications of a voter in the election of constitutional officers is likewise that he shall have "resided" in the precinct sixty days next preceding the election. Constitution, Section 145.

The word "reside" as used in Section 145 of the Constitution, has always been construed by this Court to be equivalent to "legal domicile" as distinguished from the place of actual abode.

Thus, it was said by this court in Erwin v. Benton, 120 Ky., 538; 87 S. W., 291; 27 R., 909; 9 Ann. Cas. 264, that "In law, every person has a domicile. In some instances, it may be different from his actual abode. Until he has changed it (which is a combination of act and intention), it continues to be his domicile in law. When one has had an actual domicile, and departs from it temporarily, intending to return, it will remain his legal domicile for all purposes."

So, in Graves' Admr. v. City of Georgetown, 154 Ky., 207, 157 S. W., 33, the court said: "It is a maxim of the law that every person must have a domicile or home; and also, that he can have but one; and that, when once established, it continued until he renounces it and takes up another in its stead."

This rule applied to the facts here obtaining would clearly constitute Gee a voter at his former place of abode, in a general election. In fact, appellant in substance admits that were this a contest involving a constitutional office, his case would fail; but he insists that as this is not an election of a constitutional officer, the language of the statute prescribing the qualification of the voter in the election of a School Trustee (although identical with that of the Constitution in respect of residing in the district), should be given a different interpretation; and that the statute means that the voter must have been actually living in the sub-district for sixty days prior to the election.

There being no good reason apparent for placing upon the word "reside" as used in the statute prescribing qualifications for voters in School Trustee elections, a different meaning from that imposed on it, as used in the Constitutional provision prescribing qualifications for voters in other elections, and there being nothing in

the statute indicating an intention upon the part of the legislature to place a different construction upon it, we think the construction should be the same in both instances.

The judgment is therefore affirmed.