## Semple v. Commonwealth, By, &c.

(Decided October 22, 1918.)

### Appeal from Jefferson Circuit Court
### (Chancery Division No. 1).

1. Domicile—Legal Residence—Intention.—Legal residence consists of fact and intention. Both must concur. And when legal residence is once fixed, it requires both fact and intention to change it, and the issue is to be determined upon all the facts and circumstances in each particular case.

2.  Domicile—Legal Residence—Intention.—Where one established his legal residence in the state of Texas it is not lost by temporarily sojourning in another place, even though investments may be made in the latter place and business relationships assumed thereon, provided the intention is still retained to hold the residence in Texas accompanied by a return thereto and spending there a large portion of time looking after the home and matters connected therewith.

3.  Taxation—Tangible Personal Property—Location.—Tangible personal property in order to be taxable where located, regardless of the place of residence of the owner, as provided by section 4020 of the Ky. Statutes, must be permanently located and have a fixed situs away from the owner's residence, and if it is so located only temporarily and for the personal convenience of the owner while on a visit or temporarily sojourning at the place, it will not be taxable at such place, but at the place where the owner resides.

BRUCE & BULLITT and KEITH L. BULLITT for appellant.

MATT J. HOLT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing on appeal and affirming on cross-appeal.

The principal question in this case, upon the correct solution of which depends the disposition of this appeal, is whether on September 1, 1913, and September 1, 1914, the appellant, W. C. Semple, was a legal resident of Jefferson county, Kentucky, or was he at those times, as he contends, domiciled in and a legal resident of the state of Texas. It arises in this way: A revenue agent of this state attempted, under the provisions of section 4260 of the Kentucky Statutes, in the county court of Jefferson county, to have assessed as omitted property certain enumerated articles of personal property, both tangible and intangible, claiming that the appellant was the owner of it upon the dates mentioned, and that at those times he was a resident of Jefferson county. A denial by appellant of all the material facts alleged in the statement filed by the revenue agent formed the issues, and upon trial in the county court the property was assessed as contended by the Commonwealth through its revenue agent. An appeal was prosecuted to the Jefferon circuit court and a trial there resulted in a similar judgment, but excluded from assessment certain stock owned by the appellant in a corporation which the circuit court decided was assessed and the taxes paid by that corporation. From that judgment the appellant

prosecutes this appeal, and the Commonwealth prosecutes a cross-appeal, seeking to correct what it claims was error on the part of the lower court in declining to assess the corporate stock.

The facts disclosed by the record upon the issue of appellant's residence are that he is a man without a family or any one dependent upon him; that prior to 1909 he had from infancy resided with his parents in the city of Minneapolis, Minn. During that year, his parents both being dead, he purchased a farm consisting of two large tracts of land near Mercedes, Texas, and moved upon the farm into a house located thereon with the intention of making it his permanent home. From that time on he cultivated and managed the farm, doing some of the work himself and having others to assist him either as hired hands or tenants. One of the latter resided with him and looked after the household affairs, as well as the premises generally, when appellant would be away. Up until 1913 appellant spent most of his time upon his farm, except during extremely hot weather, when he would visit his old home, or some other more comfortable climate. He would sometimes spend a portion of the winter in Florida.

In July, 1913, appellant made a visit to his uncle, a Mr. Culbertson, in the city of Louisville, and remained as a guest of the latter until some time in September 1913, when he leased an apartment in the city which he furnished with household goods shipped from Minneapolis, and which, when in Louisville he thereafter occupied. Before leaving the apartment he began negotiations for the purchase of a controlling amount of stock in the Torbitt & Castleman Company, a corporation doing business in the city of Louisville, which, under the advice of his uncle, appellant had concluded would be a profitable investment. Directly thereafter the purchase of stock was made and appellant was elected vice-president and secretary of the corporation but with no official duties to perform, and none of which he did. It is shown without contradiction that this investment was made for speculative purposes only and not with any intention that it should be a permanent holding, and it was made largely upon the advice of appellant's uncle. After appellant had been made an officer of the corporation, and about November 1, 1913, he returned to his home in

Texas, where he remained until about December 20th of
that year, when he came to Louisville to spend the Christ-
mas holidays. About the middle of January, 1914, he
again returned to his Texas home, staying· there on this
occasion until about May first following, when he came
back to Lousvlle to attend the Derby races. After the
races were over he visited in the south, returning to
Louisville for a short while, and just prior to September
1, 1914, he visited in New York and on that date was not
in Kentucky but in the latter city. His movements after
that time are not so pertinent to the issues involved in
this case, but as a matter of fact it is shown that upon
his return from New York he remained a short while in
Louisville, from whence he again returned to his Texas
farm. From that time until the trial of the case he vis-
ited alternately between his Texas home and St. Louis,
Louisville and other places, at his pleasure.

When appellant rented his first apartment he could
not procure it for a shorter period of time than one year,
and, according to his testimony, not knowing how long he
would hold the stock which he had purchased, and desir-
ing to have a suitable place to spend his time when in
Louisville, he agreed to and did contract for the apart-
ment for the whole year, which extended beyond Septem-
ber 1, 1914. After that, being dissatisfied with the apart-
ment which he had, he engaged another at the Weissinger-
Gaulbert for a similar period of time and for the same
reason. Neither of the apartments was occupied by ap-
pellant more than one-third or one-fourth of the time
throughout his tenancy. He paid poll tax in the State of
Texas from the time he purchased his farm there, and
reported and paid income tax in that state to the Fed-
eral government. He has never voted anywhere, and
from some cause not explained in the record he has not
paid taxes on personal property in the state of Texas.
It is shown by a witness testifying for appellant that the
latter took a prominent part in the social and civic af-
fairs of the town of Mercedes and the community in
which he lived, and was universally regarded as a citi-
zen of that place.

When appellant came to Louisville on his first visit
he brought an automobile with him, which he used for
pleasure, and afterward sold it and purchased another
in the city of Louisville. These luxuries he also took

with him to other places he would visit. He had a deposit account with the Fidelity & Columbia Trust Company, but none of this was used or intended to be used in any business local to the county of Jefferson, but only for personal expenses. The question then is—under these facts, and viewed in the light of the law upon the subject, where was appellant's residence?

It seems to be quite universally the rule that the true location of one's domicile or legal residence for the purpose of taxation is a question of both fact and intention, i. e., the facts as exhibited by conduct and the expressed intention must coincide in determining one's place of residence. Neither can have an exclusively controlling effect. If one's acts and conduct conclusively show his residence to be in one place, his intention that it shall be in another place may not override the facts so as to locate his residence elsewhere. Such an intention is a mere floating one and is not decisive of the question. Baker v. Baker, Eccles & Co., 162 Ky. 683; Graves v. City of Georgetown, 154 Ky. 207; Saunders v. City of Flemingsburg, 165 Ky. 680. All authorities agree that one may not have a legal residence in two or more jurisdictions at the same time, although he may have a number of actual places of residence coexisting in different localities. There is also another well founded rule that when one acquires a domicile it can not be changed without the acquisition of another domicile, which, as seen, must be done by acts, conduct and intention. Authorities, *supra*, and Hurst v. City of Flemingsburg, 172 Ky., 126; City of Ashland v. City of Catlettsburg, *idem*, 364.

In the Hurst case the appellant had owned a farm in Fleming county which he disposed of in 1909 and bought a lot in Flemingsburg upon which he erected a dwelling house and equipped it with modern conveniences and proper furnishings. Shortly thereafter he bought a farm in Ohio and announced his intention to make that state his home. A tenant occupied his Ohio farm, but he reserved two rooms and moved into them some household and kitchen furniture and spent a portion of his time during the summer upon that farm, where his wife frequently visited him, although she spent most of her time in Flemingsburg and Fleming county, and the husband was with his wife in Kentucky during a large portion of the time. The winter of 1912-1913 he spent in Florida.

Under these facts the city of Flemingsburg and Fleming county sought to tax his personal property for the years following the purchase of the Ohio farm. He brought suit to enjoin the collection of taxes upon the ground that he was a resident of the state of Ohio, and this court, in reversing the judgment below, upheld his contention and directed the injunction to issue. In the course of the opinion it is said:

"Of course a party cannot live altogether in one state and acquire a residence in another state by mere declaration of intention. The question of residence is one of fact and intention. Both must concur. But where a party has an actual residence in two different states and spends a substantial portion of his time in each, he may establish his residence in either state, and neither the fact that his dwelling house in the other state is more comfortable or better furnished, nor the fact that he spends the greater portion of his time there, will be conclusive on the question of residence. Here both the intention and fact concur."

In the City of Ashland case there was a contest between the cities of Ashland and Catlettsburg as to which was entitled to collect taxes due from the estate of one Pritchard, deceased, both of the cities claiming him a resident. The decedent had resided in the city of Catlettsburg, prior to 1907, for more than thirty years, when he sold his home and moved with his son and daughter-in-law into a home in Ashland, which he had built for his son, and he continued to live at the latter place until his death, which occurred in August, 1914. But he claimed Catlettsburg as his home after his removal to Ashland, and exercised acts of citizenship there, although he never actually resided in Catlettsburg after selling his residence there. This court held that the legal domicile of decedent during the time in question was in the city of Catlettsburg, and adjudged it entitled to collect the taxes. In doing so it quoted with approval from volume 2 of "Words & Phrases," second series, page 37, as follows:

"Mere change of residence is not of itself proof of a change of domicile unless accompanied by an intention, express or implied, to abandon the old domicile and acquire a new one. Within the principle of law declared in the decisions, a person may reside for pleasure or health in one place without forfeiting or surrendering his domicile or legal residence in another, if he so intends. It is

not residence alone, but it is the intention of the person, expressed or implied from the facts in the evidence, conjoined with residence, that determines domicile. Every person *sui juris* and capable of controlling his personal movements may change his domicile at pleasure, but a change of domicile involves intention as the dominant factor.''

These cases, together with others referred to in them, are sufficient to show quite conclusively to our minds that appellant never acquired a legal residence or domicile in the city of Louisville, but that he was at the time when his property was sought to be assessed domiciled and a legal resident of Mercedes, Texas. There is an entire absence of any declared intention of changing his residence from Texas to Louisville, Kentucky, and there is nothing in his acts or conduct inconsistent with the continued maintenance of his residence in the state of Texas. More of his time was spent in that state than in the city of Louisville, and all the testimony goes to show that the investment which he made in the latter city was purely speculative and only temporary, and such as he would sometimes make at other places which he would visit. As a matter of fact at the time of the trial he had contracted to sell his entire interest in the corporation, and none of the elements going to show a fixed determination to change appellant's domicile from Texas to Louisville, as found in the cases relied upon by appellee, appear in this case.

For illustration, in the Baker case, *supra*, being one upon which appellee chiefly relies, the facts showed but a floating, indefinite intention to reestablish some day the decedent's old residence in the state of Tennessee, but he had lived for many years in the city of Paducah, where he conducted a wholesale grocery business and had acquired all his property there and had entered largely into the social and business affairs of that city, and it was held that the character of intention therein found was insufficient to change his residence from Paducah to his old home at Savannah, Tennessee.

An analysis of other cases relied upon will show similar conditions. We think there can be no doubt but that under the law as applied to the facts disclosed by this record appellant was on the dates in question a resident of the state of Texas, and not of the city of Louisville.

Neither are we convinced that appellant's failure to deny that he was a resident of the city of Louisville, in answering two suits filed against him in the Jefferson circuit court, has any bearing upon the issue. In the first place, one of the petitions did not charge that he was a resident of the city of Louisville, and the allegation that he was such resident in the second petition was wholly an immaterial one, and defendant's answer to that petition states that he does so "in so far as he is advised that the same is material to be anwered." Even if the failure to deny such allegation could have been accepted as an admission of the fact, it is deprived of that force by the wording of defendant's answer.

It is insisted, however, that appellant's small amount of furniture, his automobile and bank account, under the provisions of section 4020 of the Kentucky Statutes, are assessable in Jefferson county. None of this property, however, was used by appellant in the prosecution or conduct of any business in which he was locally engaged. All of it was for his personal convenience and comfort while temporarily sojourning in the city of Louisville. His bank account is shown to have been exclusively for his personal expenses. Under such circumstances personal property, even though it be tangible, does not have a situs for taxation at the place where it is thus temporarily located.

In the case of Commonwealth of Kentucky v. R. G. Dun & Co., 126 Ky. 108, in construing section 4020 of the Kentucky statutes, this court said:

"This court, however, in construing this statute, has determined that it does not apply to the property of non-residents when in this state temporarily; that in such a case the situs for the purpose of taxation is at the domicile of the owner." The court then cites the cases of Board of Councilmen v. Fidelity Trust & Safety Vault Co., 111 Ky. 667; Callahan v. Singer Manufacturing Co., 29 Ky. Law Reporter 123, and Commonwealth, by, &c. v. Haggin, 30 Ky. Law Rep. 788.

In order that personal property may have a situs for taxation in a locality different from the domicile of its owner, such personal property must be permanently located at the place where it is sought to be taxed. No temporary location will alter its situs for taxation at a place other than the residence of its owner. Cases, *supra,*

and Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194.

We therefore conclude that the court was in error in assessing any of the property for either of the years mentioned, and its judgment in doing so must be and·it is reversed, but on the cross-appeal it is affirmed.