## Thompson v. Emmert.

(Decided January 26, 1932.)

(As Modified on Denial of Rehearing Mar. 15, 1932.)

416

LAWRENCE & CARTER for appellant.

B. F. DENHAM for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is a contest over the office of trustee of the Rush Point common school district No. 59, in Monroe county, Ky. Earl Thompson and Rester Emmert were the candidates, and it was determined in the circuit court that Thompson had received 32 and Emmert 35 votes. Hence the election of Emmert was adjudged, and Thompson has prosecuted an appeal.

The case in this court has been reduced by the concessions of the parties to a determination of the validity of ten votes counted for Emmert. The decision depends upon the residence of the ten persons who were permitted to vote. The statute (Ky. Stats., sec. 1478) provides that the residence of a person for the purpose of voting shall be deemed to be where his habitation is, and to which, when absent, he has the intention of returning. No person shall lose his residence by absence for temporary purposes merely; nor shall he obtain a residence by being in a county or precinct for temporary purposes without the intention of making it his home. By removal to another state or county with intention to make his permanent residence there, he loses his former residence. So also he loses his residence here by residing in another state with the intention to remain there an indefinite time, even though he may have had the intention to return here at some uncertain future time. The place where the family of a married man resides shall generally be considered his residence, unless the family so resides for a temporary purpose. If the family of a married man is located permanently in one place, and

he transacts business in another, the former place shall be his residence. Ky. Stats., sec. 1478. The fact that a person owned property in another school district and voted therein did not disqualify him from voting in the district where he had a legal residence. Penny v. McRoberts, 163 Ky. 313, 173 S. W. 786; Ison v. Watson, 169 Ky. 150, 183 S. W. 468. A mere floating intention to establish a residence at some future time without any present means of determining or approximating such time is not sufficient. Saunders v. Flemingsburg, 163 Ky. 680, 174 S. W. 51; Baker v. Baker, Eccles & Co., 162 Ky. 683, 173 S. W. 109, L. R. A. 1917C, 171; Elam v. Maggard, 165 Ky. 733, 178 S. W. 1065; Matney v. Elswick, 242 Ky. 183, 45 S. W. (2d) 1046, this day decided; Stewart v. Wurts, 143 Ky. 39, 135 S. W. 434.

If an absence depends upon the completion of some temporary task, or upon the discharge of some duty of a temporary nature, the time fixed for a return to the domicile is sufficiently definite. Keeping these principles in mind, we come to consider the particular facts presented by this record.

The vote of Hubert Baskett is challenged. His mother had died, and his father had remarried while he was an infant. He then made his home with his married sister, who lived in the Rush Point school district. There is no substantive evidence to the contrary, but the appellant relies upon an affidavit made by Hubert Baskett in an investigation before the Tompkinsville police court in which he stated that he was residing with his brother in another school district. The affidavit tends to contradict the testimony of Hubert Baskett, but he is corroborated by the testimony of his sister and his two brothers. The statements made before the police judge were incidental and not addressed to the subject then under investigation. Whilst the affidavit tends to impair his own testimony as to his residence, the other testimony shows that he was a legal voter in the Rush Point district. Andrew Ford and his wife owned a farm in the Rush Point district upon which they had a house and claimed it as their home. They had removed to the Tompkinsville graded school district temporarily for the purpose of putting their children in the graded school. It is plain that their permanent residence was in the Rush Point district, and the temporary absence did not deprive them of the right to vote there.

John Thompson and wife had lived in the **Rush Point** district, but had moved away to make a crop on a rented farm, intending to return to their home when the crop was gathered. During the temporary absence, the house where they formerly lived was destroyed by fire. The testimony tends to show that the place where the house burnt is their permanent home, and that it is their present purpose to rebuild the house and move into it. In such circumstances, the finding of the chancellor will not be disturbed, even though some doubt may arise on the question. Hagan v. Hurst, 228 Ky. 654, 15 S. W. (2d) 446.

Lige Gillenwater and wife lived upon a farm in the Rush Point district. They went to Tompkinsville because of the illness of the mother of Mrs. Gillenwater, with the intention to return when she was sufficiently recovered to permit it. This was a temporary absence with a definite purpose to return at an ascertainable time. Penny v. McRoberts, supra.

The votes of Clifford Moore, Evert Ford, and Mrs. Ford were questioned upon the ground that, although two of them had voted at the Rush Point district for many years without challenge, they actually lived outside the district. The evidence concerning the location of the boundary line is in conflict. The weight of it is to the effect that the dwelling houses of these parties are located in the Rush Point district, but there is evidence tending to show the contrary. In view of the ambiguity and the long-continued construction by all parties concerned as to the true location of the disputed boundary, and the finding of the chancellor on the facts, we are constrained to the conclusion that these three parties lived in the Rush Point district and were entitled to vote therein.

Our conclusion on the whole record accords with the finding of the circuit court. If we should exclude the votes of John Thompson and wife, which are the only ones affording room for doubt, the appellee would still be elected.

The judgment is affirmed.