## Collins v. Casebolt.

Feb. 14, 1939.

E. J. PICKLESIMER for appellant.

P. K. DAMRON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

At a school election held July 9, 1938, John B. Collins and Harve Casebolt were candidates for the office of sub-district trustee in sub-district No. 3 in Pike county, and each received 47 votes on the face of the returns as certified by the Pike County Board of Education. Casebolt brought this contest proceeding alleging that he had received a majority of the legal votes cast, and charging that a number of votes counted for Collins had been cast by persons who were nonresidents of the district and that such votes were illegal. Collins filed an answer and counterclaim in which he challenged the votes of Troy Bentley, Cynthia Bentley, Bud Johnson, and Syltana Johnson, and charged that all of these voters were nonresidents of the district; that they voted for the plaintiff; and that their votes should be deducted from the total number of votes certified for him. The circuit court found that Joseph Jones, Catherine Jones, and Willie Jones were nonresidents of sub-district No. 3, and deducted their votes from the total number of votes certified for Collins, leaving 44 legal votes received by him. The court declined to deduct the votes of Bud Johnson and Syltana Johnson from the total number of votes received by Casebolt, but did deduct the votes of Troy Bentley and Cynthia Bentley, leaving 45 legal votes received by Casebolt. Judgment was entered declaring Casebolt to be the duly elected trustee, and Collins has appealed.

Joe Jones is the husband of Catherine Jones, and the father of Willie Jones. Joe Jones owns a farm on Little Fork of Robinson creek where he resided with his family until 1929, when he moved to Virgie, Kentucky, about five miles from the farm which is located in sub-district No. 3. He is a miner, and, during most of the time since 1929, has worked for the Utilities Elkhorn Coal Company at Virgie. The proof shows that Jones and his family spent one summer on the farm on the Little Fork of Robinson creek about five years before the election in question. The house on the farm burned about three years before the election. Since 1929 his children have attended school in Virgie, and during the last five years have been listed in the school census taken in the Virgie district. Mrs. Jones and one of the sons voted at a school election at Virgie. Jones testified that he intended to remain at Virgie as long as he was able to obtain employment. We think the proof shows

that Joseph Jones and his family were not residents of sub-district No. 3 when the election was held July 9, 1938, and that their votes, which were cast for appellant, were illegal.

The chancellor found that Bud Johnson and Syltana Johnson, his wife, were legal residents of sub-district No. 3, and declined to deduct their votes from the total number of votes certified for appellee. Appellant insists that the proof shows they were nonresidents of the district, and that the votes cast by them were illegal. The Johnsons lived in Floyd county until November or December, 1937, when Bud Johnson moved to Robinson creek in sub-district No. 3 in Pike county. He was employed by Johnnie Hall, who operated a sawmill. He rented a house on Robinson creek, and he and his wife moved into it in January, 1938. When his deposition was taken in the autumn of 1938, he said he intended to rent the house for another year and that it was his intention to stay in Pike county. It is argued that he owns property in Floyd county, and that his residence in Pike county is only temporary, but the proof shows that he owns only a remainder interest in a small tract of land in Floyd county in which his father owns a life estate. He has no intention to return to Floyd county at any fixed time, and expects to remain in Pike county for an indefinite period.

Section 1478 of the Kentucky Statutes, so far as applicable here, sets forth the rules to be observed in determining the residence of a person offering to vote as follows:

"1. That shall be deemed his residence where his habitation is, and to which, when absent, he has the intention of returning.

"2. He shall not lose his residence by absence for temporary purposes merely; nor shall he obtain a residence by being in a county or precinct for such temporary purposes, without the intention of making the county or precinct his home. * * *

"5. The place where the family of a married man resides shall generally be considered his residence, unless the family so resides for a temporary purpose. If his family is permanently in one place, and he transacts his business in another, the former shall be his residence."

If a person lives in one district, he cannot vote in another unless he resides in the former merely for a temporary purpose. If he takes up an actual residence in a district with the intention of remaining therein indefinitely, he becomes a legal voter there though he may own property in another district where he formerly lived. He may intend to return to his former home at some indefinite time in the future, but such intention does not control. The time fixed for a return to a former home must be reasonably definite. Thompson v. Emmert, 242 Ky. 415, 46 S. W. (2d) 502; Matney v. Elswick, 242 Ky. 183, 45 S. W. (2d) 1046.

In the present case the proof shows that Joseph Jones and his family have lived in Virgie nearly ten years, and that they intend to live there indefinitely. They have no intention to return to sub-district No. 3 in Pike county at any fixed time. Their absence from their former home "is not for temporary purposes merely" within the meaning of Section 1478 of the Statutes. It follows that the chancellor properly deducted their votes from the total number of votes certified for appellant. It is also obvious that Bud Johnson and his wife were legal residents of sub-district No. 3 when the election was held, and that their votes cast for appellee were valid. Any disposition made of the other challenged votes would not change the result, and the judgment therefore is affirmed.