**GAMBRELL et al. v. PARKER.**

Court of Appeals of Kentucky.

Oct. 9, 1953.

Cleon K. Calvert, W. R. Knuckles, Pineville, for appellants.

Hiram H. Owens, Barbourville, for appellee.

MILLIKEN, Justice.

On November 12, 1952, eight days after the general election, Billie E. Parker contested the election of Otto Gambrell to the Board of Education of the Lone Jack Independent School District of Bell County, Kentucky. The election commissioners had certified 180 votes for Parker and 182 for Gambrell. Parker alleged, as his grounds for contest, that six persons whom he named had voted illegally for Gambrell and that furthermore Gambrell was ineligible to hold the office inasmuch as he had been "convicted" of a felony within the meaning of Section 145 of the Kentucky Constitution. Actually Gambrell had been found guilty of robbery by a jury but had been probated by the court before the entry of the judgment.

On November 28 Gambrell filed an answer and counterclaim in which he denied the material averments in his adversary's petition and alleged that six persons whom he named had voted illegally for Parker. On December 13 Gambrell amended his pleadings and named two other persons whom he alleged had voted illegally for his adversary. Parker then filed a motion to strike the amended pleading, contending that Gambrell had waited too late to set up new grounds of counter-contest.

Parker took the depositions of five of the six persons whom he had alleged voted illegally but Gambrell, on the other hand, took only the depositions of the two persons named in his amended pleading.

KRS 122.070 provides in part:

"The contestee shall file an answer within twenty days after the service of summons upon him. The answer may consist of a denial of the averments of the petition and may also set up grounds of contest against the contestant; if grounds are so set up they shall be specifically pointed out and *none other shall thereafter be relied upon by the party.*" (Italics ours.)

Since the last two persons were challenged too late by Gambrell in his amended pleading, their depositions could not be considered and the court should have sustained Parker's motion to strike. Hodges v. Murray, 240 Ky. 127, 41 S.W.2d 923. The chancellor, however, did not rule upon this matter, but decided that the office was vacant because Gambrell was not eligible to hold the office and because Parker did not receive a plurality of the votes. Both litigants have appealed.

The depositions of George, Fannie and Geneva Hendrickson, whose votes had been challenged by Parker, reveal that they formerly lived and were registered voters in the Lone Jack District, but that about a year and a half prior to the election in question they moved to a new home in the Uncle Dill District where they have resided ever since. They testified that they still owned real and personal property in the Lone Jack District, and that they came back there and voted for Gambrell. We quote from Fannie's testimony:

"When we went, (to the Uncle Dill District) we didn't have any intention how long we would stay or move back, because our daughter's not satisfied up there and we may move back any time. We bought property up there * * * and we moved up there and built the house and they're building another one and they're going to build some more on the land up there. * * * We may move back down any time we can get a phone. * * *

"Q. How long do you intend to stay up there? A. Until we get ready to move back.

"Q. When do you intend to move back? A. We might move back next week.

"Q. You might never move back, is that true? A. If we take a notion, we won't. This is a free country, ain't it?"

KRS 117.610 provides:

"The following rules, so far as applicable, shall be observed in determining the residence of a person offering to vote:

"(1) A voter's residence shall be deemed to be at the place where his habitation is, and to which, when absent, he has the intention of returning;

"(2) A voter shall not lose his residence by absence for temporary purposes merely; nor shall he obtain a residence by being in a county or precinct for such temporary purposes, without the intention of making that county or precinct his home".

In Collins v. Casebolt, 276 Ky. 787, 125 S.W.2d 737, 738, we said:

"If a person lives in one district, he cannot vote in another unless he resides in the former merely for a temporary purpose. If he takes up an actual residence in a district with the intention of remaining therein indefinitely, he becomes a legal voter there though he may own property in another district where he formerly lived. He may intend to return to his former home at some indefinite time in the future, but such intention does not control. The time fixed for a return to a former home must be reasonably definite."

The Hendricksons had no intention of returning to the Lone Jack District at any definite time, and their absence from their former home was not merely for temporary purposes within the meaning of KRS 117.610. The chancellor should have deducted these three votes from the total number certified for Gambrell. Since this would have given Parker a plurality of one vote, it is not necessary to decide the validity of the other votes he challenged because their adjudication would not affect the result, nor is it necessary that we decide whether Mr. Gambrell is eligible to hold public office.

The judgment is reversed with directions that one be entered declaring Mr. Parker the duly elected member of the Lone Jack Board of Education.