ERVIN, Justice
(dissenting).
In this review I find a conflict of decisions, but on the merits agree with the decision of the District Court and would discharge the petition for writ of certiorari.
The conflict arises from the fact the opinion of the District Court recites: (183 So.2d at 595)
“The actual physical location of taxable personal property is not necessarily the same as the tax situs of such property. * * * a
while in the case relied on by Petitioners, St. Joe Paper Co. v. Ray, 172 So.2d 646, the opinion of the District Court of Appeal, First District, reads in part: (at 649) .
“[10,11] Section 200.09, Florida Statutes, F.S.A., provides that a taxpayer having tangible personal property in more than one county shall file a separate return for each county showing the property he has for taxation in each. Subsection 200.021(2) provides that tangible personal property which is moved from one county to another after January 1 of any year shall be subject to taxation in that county where it was located on the first day of January. Thus, a taxpayer, such as St. Joe, who owns property in more than one county and has equipment which it uses regularly on its property in these several counties, is required to file annual returns in each such county showing that property which is located in each *547 on January 1. No permanent tax situs for such tangible personal property is contemplated by the statute. Taxpayers are not required to keep a proportionate part or any portion of their tangible personal property in each of the various counties in which it is customarily used.” (Emphasis supplied.)
The First District Court leaves the impression that the physical location of tangible personal property on January 1st of the tax year is the sole criterion for determining its tax situs because the Court says the taxing statute contemplates no permanent tax situs for such tangible personal property. This construction too literally follows the language of the taxing statute and fails to take into account legal precedents and authorities constituting the weight of authority to the contrary which have generally been applied in determining the tax situs of tangible personal property under most tax statutes similar to the one we here consider. In fairness to the District Court, First District, it is noted the facts in St. Joe Paper Co. v. Ray, supra, did not necessarily require that court to treat upon principles of law determinative of the tax situs of tangible personal property. The primary question involved in that case was whether certain tangible personal property was located in Calhoun County or Gulf County on January 1, 1962. Questions concerning the permanency of its location in either of said counties or its tax situs as affected by the domicile of its owner apparently were not pertinent considerations in that case. Furthermore, I do not mean to imply that there was error in the refusal of the District Court to disturb the jury’s finding in that case that said personal property was located in Calhoun County. It may well have been found such property had acquired permanency in terms of tax situs in Calhoun County. All that I find incorrect is that in reaching its decision, the District Court, First District, is in error in indicating that the language of the statute is the sole criterion for determining tax situs because no permanent tax situs for tangible personal property is contemplated by the statute.
In addition to what is said in the opinion of the District Court of Appeal in this case, I quote from an opinion of the Attorney General, No. 061-195, rendered to the State Comptroller, reported in Biennial Report of the Attorney General, 1961-1962, pp. 328-330, inch, as follows:
“It appears from your file, handed us with your request for opinion that a road contractor engaged in the construction of an interstate road project in this state, was so engaged in one of the counties of the state on Jan. 1, 1961, and on said day had a considerable amount of construction machinery and equipment in said county being used in such construction project. The said contractor, a Florida corporation, was domiciled and had its principal place of business in another county. The said construction machinery and equipment, being used in the county where the construction work was being carried on, was assessed for ad valorem taxes in said county for the tax year of 1961; however, the same property was included in an assessment made in the home county of the contractor for the same tax year. Although the file before us seems to concern itself with the right of the tax assessor of the county wherein the work was being performed to assess the said property in that county for the said tax year of 1961, the actual question seems to be in which of such counties did the property in question have its situs for purposes of ad valorem taxes on Jan. 1, 1961.”
* * ' * * * *
“ * * * In 84 C.J.S. [Taxation] 226, § 115, it is stated that the permanency necessary to establish a tax situs for tangible personal property is not ‘permanency in the sense that it must be fixed like real property, but seems generally to be that it must have a more or less permanent location as distinguished from a transient or temporary one.’ The power of the state, county or municipality where the owner *548 of tangible personal property [resides] is not abrogated in respect to property which may be temporarily absent from its territorial jurisdiction. In short, not until the property acquires an actual situs elsewhere does the domicile lose the right of tax.’ (Annotation in 110 A.L.R. 713-714). In Simple [Semple] v. Commonwealth, 181 Ky. 675, 205 S.W. 789, the court remarked that ‘in order that personal property may have a situs for taxation in a locality different from the domicile of its owner, such personal property must be permanently located at the place where it is sought to be taxed.’
“Numerous authorities are collected in an annotation in 110 A.L.R., pp. 714-715, and 728-729, relative to the taxation of construction machinery, equipment, implements, etc., some permitting taxation at the place where physically present and others holding to the contrary; however, it is clear from the cases cited in the annotation that the question actually involved in each case was the question of temporary or permanent situs at the location where found when not that of the residence of the owner. In most of the cases cited, the element of time seemed to be material to the decisions in the case. Other elements pointing to the use of the property and its permanency on the construction project have also been considered.”
* * * * * *
“When § 200.09, F.S., provides that ‘Where a taxpayer has tangible personal property in more than one county, he shall make and file a separate tax return for each and every county,’ it refers to tangible personal property which has acquired a tax situs in the county, not merely a temporary or transitory location. To acquire a tax situs separate from its owner, tangible personal property must have permanency in that county, not permanency as applied to real property but permanency as distinguished from a transient or temporary location. Only those items of tangible personal property which have acquired permanency in the above sense may be taxed at a location other than that of the domicile of their owner. The question of the taxable situs of tangible personal property located in a county other than that of the domicile of the owner thereof, is whether or not it has acquired a status of permanency in that county within the rule above described. This seems to be largely a question of fact to be determined by the tax assessor in the first instance. The refusal of the owner of such property to return such property in the county where located would seem to be a construction on his part that such property had not acquired a separate tax situs.”
In view of the foregoing, I agree with the holding of the District Court of Appeal that the Respondent’s bill of complaint filed in the Circuit Court stated a cause of action and should not have been dismissed.