Joseph V. MOBLEY, Appellant,

v.

Donald E. ARMSTRONG, Jr., John Y. Brown, III, Secretary of State, Rebecca Jackson, Chairperson Jefferson County Board of Elections, Appellees.

No. 98–SC–390–MR.

Supreme Court of Kentucky.

Sept. 3, 1998.

As Modified Oct. 22, 1998.

**308**

J. Russell Lloyd, B. Mark Mulloy, Louisville, for Appellant.

Guy Jantzen Hibbs, Rebecca Faye Wilson, Hibbs Law Office, Louisville, for Appellee Donald E. Armstrong, Jr.

Maryellen Allen, Asst. Atty. Gen., Office of the Attorney General, Frankfort, for Appellee John Y. Brown, III.

Walker C. Cunningham, Jr., Louisville, for Appellee Rebecca Jackson.

## OPINION OF THE COURT

Appellant, Joseph V. Mobley, appeals from the decision of the Court of Appeals of Kentucky holding that he was ineligible for candidacy for a district court judgeship in Jefferson County. The trial court and the Kentucky Court of Appeals held that appellant was not a resident of Jefferson County, and that his name must be stricken from the ballot as he was not a bona fide candidate for the position of District Judge in the Thirtieth Judicial District, Division No. Five.

Due to the need for an expeditious ruling on this case, this Court entered an order on May 13, 1998, announcing its decision affirming the Court of Appeals and denying relief pursuant to KRS 118.176(4). This opinion and order follows our previous order denying relief.

Both appellant and appellee are candidates for the same judicial seat of Jefferson District Judge, Division No. Five. Appellee filed a complaint in the Jefferson Circuit Court for Declaration of Rights pursuant to KRS 118.176 and CR 57 and Injunctive Relief pursuant to CR 65. Appellee alleged that appellant was neither a bona fide candidate as defined by KRS 118.176 nor a resident of Jefferson County for the durational restriction set out in Section 122 of the Kentucky Constitution. "To be eligible to serve as a ... judge of the ... District Court a person must ... have been a resident of this commonwealth and of the district from which he is elected for two years next preceding his taking office..."

Although appellant lived in various homes in Jefferson County between the years of 1966 to 1990 or 1991, he then sold his home in Jefferson County and moved to Trimble County. In July of 1992, appellant changed his voter's registration and his driver's license from Jefferson County to Trimble County.

Appellant and his wife purchased property on Charles Street in Jefferson County on May 28, 1997. Appellant changed his voter's registration from Trimble County back to Jefferson County in July of 1997. Appellant's driver's license still remains in Trimble County and was renewed as recently as May of 1996.

Appellant claims four issues of error on this appeal.

First, appellant alleges the two year residency requirement in § 122 of the Kentucky Constitution violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Second, appellant claims his intent to live in Jefferson County as shown by his conduct makes him a bona fide candidate. Third, appellant claims the Jefferson Circuit Court lacked jurisdiction. Finally, appellant contends the lower courts failed to presume the uncalled witnesses' testimony would be unfavorable to appellee.

## I. SECTION 122 OF THE KENTUCKY CONSTITUTION IS NOT VIOLATIVE OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

■ Appellant contends that the two year residency requirement in § 122 of the Kentucky Constitution violates his right to equal protection under the law. Under equal protection analysis, legislative distinctions must have a rational relationship to a legitimate state end. *Chapman v. Gorman*, Ky., 839 S.W.2d 232, 239 (1992) (*citing Clements v. Fashing*, 457 U.S. 957, 963, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 515 (1982)), *Chapman v. Eastern Coal Corp.*, Ky., 519 S.W.2d 390 (1975) *overruled on other grounds Wells v. Estridge*, Ky., 646 S.W.2d 41, 43 (1983). Rational basis analysis is used when an equal protection claim does not involve a suspect class such as race or gender or interfere with a fundamental right such as the right to privacy or the right to vote. *Roberts v. Mooneyhan*, Ky.App., 902 S.W.2d 842, 844 (1995).

■ The right to candidacy is not a fundamental right. *Chapman*, 839 S.W.2d at

240, (*citing Bullock v. Carter*, 405 U.S. 134, 143, 92 S.Ct. 849, 855, 31 L.Ed.2d 92, 99 (1972)). Therefore, the right to candidacy, unlike the right to vote, does not always require strict scrutiny. *Hankins v. State of Hawaii*, 639 F.Supp. 1552, 1555 (D.Hawai'i 1986). The laws that affect candidates always have at least some effect on voters. However, not every limitation or incidental burden on the exercise of voting rights is subject to a strict standard of review. *Bullock*, 405 U.S. at 143, 92 S.Ct. at 856, 31 L.Ed.2d at 99 (*citing McDonald v. Board of Election*, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969)).

■ Although the Supreme Court of the United States has summarily affirmed two cases which applied the compelling state interest test, *see Chimento v. Stark*, 353 F.Supp. 1211 (D.N.H.) (three judge court) *aff'd*, 414 U.S. 802, 94 S.Ct. 125, 38 L.Ed.2d 39 (1973)(upholding seven year residency requirement for governor); *Sununu v. Stark*, 383 F.Supp. 1287 (D.N.H.1974) (three judge court), *aff'd*, 420 U.S. 958, 95 S.Ct. 1346, 43 L.Ed.2d 435 (1975) (upholding seven year residency requirement for state senator), the Court has suggested such heightened scrutiny may be unnecessary. *Hankins*, 639 F.Supp. at 1555. In *Clements v. Fashing*, the Court concluded that "insignificant interference with access to the ballot need only rest on a rational predicate in order to survive a challenge under the Equal Protection Clause." 457 U.S. 957, 968, 102 S.Ct. 2836, 2846, 73 L.Ed.2d 508. Furthermore, the higher level of scrutiny is more appropriate when applied to higher elected officials. *Chimento*, 353 F.Supp. at 1216.

■ Appellant seeks the judicial seat of Jefferson District Judge, Division No. Five which is not an elected office requiring strict scrutiny. No fundamental rights or suspect classifications are involved in this equal protection challenge. Therefore, we will employ the rational basis standard of scrutiny to evaluate appellant's claim that the residency requirement violates his equal protection.

Appellant and appellee are both seeking the position of Judge of the Jefferson District Court, and they both are required to meet the two year residency requirement

imposed by the Kentucky Constitution. Section 122 also requires Supreme Court justices, judges of the Court of Appeals, and Circuit Court judges to fulfill the two year residency requirement. Furthermore, the two year residency requirement is not an outright ban on appellant's ability to run for district judge; it just delays his or her eligibility. *See Chimento*, 353 F.Supp. at 1216.

■ The two year residency requirement furthers a legitimate state interest. The state has an interest in ensuring that a judge is familiar with the problems and needs of the people in his district. The requirement also enables the people of the district to gain knowledge about the candidate's abilities and character. *See Chimento*, 353 F.Supp. at 1217. It is irrelevant that appellant has been a practitioner in Jefferson County for many years. It is also irrelevant that appellant is as well-known in Jefferson County as any other candidate who meets the residency requirement of § 122 of the Kentucky Constitution. The state's interest still exists in generally providing for such considerations. The fact that in this particular case appellant satisfies these interests while not meeting the residency requirements does not allow this court to strike the two year requirement. The requirement itself is a valid method of addressing legitimate state interests. We find that the two year residency requirement furthers a legitimate state interest and is not violative of equal protection.

## II. TEST FOR DETERMINING RESIDENCY.

■ The trial judge made a determination that appellant was not a bona fide candidate for the Thirtieth Judicial District of Jefferson County, Division Number Five. Under familiar principles of law, the findings of fact of a trial judge will not be disturbed on appeal unless found to be clearly erroneous. CR 52.01. *See Commonwealth v. Fint*, Ky., 940 S.W.2d 896, 898 (1997)(trial judge's findings and conclusions will be upheld unless clearly erroneous).

■ The definition of "resident" is the key issue in the instant case. This Court will follow the statutory standard laid out in *Noble v. Meagher*, Ky., 686 S.W.2d 458 (1985), which directs us to KRS 118.015(7) when determining residency of a judicial candidate. Subsection 7 states that when the word "resident" is used in reference to a candidate that it shall mean actual resident, without regard to the residence of the spouse of the candidate. KRS 118.015(7). Actual residence is defined as an abode where someone actually lives, and "not a mere naked legal residence." Black's Law Dictionary, 6th ed., p. 35 (*citing In re McGrath*, 243 App.Div. 803, 278 N.Y.S. 135 (1935)).

Appellant moved to Trimble County. He registered to vote and obtained his driver's license in Trimble County. During the years preceding his purchase of the Charles Street property in Jefferson County, appellant owned no property in Jefferson County besides part ownership of his law offices. When appellant spent the night in Jefferson County between the years of 1991–1997, he either stayed in a Holiday Inn or in his law office. Otherwise, he spent the nights in Trimble County. Although appellant spent some nights in his law office or in a Holiday Inn in Jefferson County between the years of 1991–1997, he did not actually live in either of those places.

■ Appellant contends his intent to reside in Jefferson County is corroborated by his actions. He claims that he purchased the Trimble County home as a retreat and for occasions when staying in Jefferson County was inconvenient. However, we must evaluate both actions and intent when determining residency because neither is exclusively controlling. *Semple v. Commonwealth*, Ky., 181 Ky. 675, 205 S.W. 789, 791 (1918). If someone's actions conclusively show he resides in one place, his intention to live in another place may not override these facts. *Id.* "Such an intention is a mere floating one, and is not decisive of the question." *Semple*, 205 S.W. at 791 (*citing Baker v. Baker, Eccles & Co.*, 162 Ky. 683, 173 S.W. 109, (1915); *Graves v. City of Georgetown*, 154 Ky. 207, 157 S.W. 33 (1913); *Saunders v. City of Flemingsburg*, 163 Ky. 680, 174 S.W. 51 (1915)). Furthermore, any expressed intent must be evaluated in light of conduct which is either consistent or inconsistent with such

311

expressed intent. *Ravenel v. Dekle*, 265 S.C. 364, 218 S.E.2d 521, 528 (1975).

We conclude that appellant's actual residence is in Trimble County. Although appellant may intend for his actual residence to be in Jefferson County, his objective actions show otherwise. The following objective factors aid us in our conclusion that appellant is not a bona fide resident of Jefferson County: (1) appellant did not change his voter's registration back to Jefferson County until July 23, 1997; (2) appellant's driver's license is still issued from Trimble County; (3) one of appellant's automobile's is titled in Trimble County; (4) appellant's tax records indicate his home address is in Trimble County; (5) appellant made his permanent home in Trimble County, only sleeping in Jefferson County occasionally and then in a hotel or at his place of business; and (6) appellant kept all of his personalty which was not directly related to his profession in Trimble, not Jefferson County. *See Ravenel*, 218 S.E.2d at 524–26 (five year residency requirement for one to be eligible for governor of South Carolina not met because voting record in New York, income tax returns showed New York address, and automobile registered in Connecticut). The factors above support the trial judge's finding that appellant is not a resident of Jefferson County; therefore, the trial judge's ruling will not be disturbed on this appeal. *Tolley v. Commonwealth*, Ky., 892 S.W.2d 580, 584 (1995).

### III. JEFFERSON CIRCUIT COURT IS THE PROPER FORUM IN WHICH TO CHALLENGE APPELLANT'S QUALIFICATIONS AS DISTRICT JUDGE.

The procedure for challenging the qualifications of a judicial candidate is set out in KRS 118.176. *Noble v. Meagher*, Ky., 686 S.W.2d 458, 460 (1985). The Jefferson Circuit Court was the proper forum to bring this action, because Jefferson County is where appellant alleges residency for the office of district judge. *Id.* at 460. Therefore, appellant's jurisdictional challenge is without merit.

### IV. UNCALLED WITNESSES.

Appellant's last issue of error concerns the presumption of uncalled witnesses' unfavorable testimony. This issue is moot given that appellant is a resident of Trimble County.

The final "Opinion and Order" of the Court of Appeals holding that appellant is not a bona fide candidate pursuant to KRS 118.176 for the Thirtieth Judicial District Court, Division Five, on grounds that he has not been a resident of the Thirtieth Judicial District for two years as required by § 122 of the Kentucky Constitution is hereby affirmed.

All concur.